**Tommy GLASS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 1, 1971.

Rehearing Denied Jan. 21, 1972.

Joseph G. Glass, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

On June 12, 1970, the Christian County grand jury returned an indictment against Tommy Glass for the theft of one calf and five counts of knowingly receiving stolen livestock. Glass entered a plea of guilty through his employed counsel to two of the counts of receiving stolen property. The remaining charges were dismissed upon motion of the Commonwealth. Judgment was entered on the plea and Glass is concurrently serving two three-year terms in the state reformatory at LaGrange, Kentucky.

On January 4, 1971, Glass, through his present counsel, moved pursuant to RCr 11.42 to have the judgment vacated and demanded an evidentiary hearing. The court found that the motion " * * * (did) not set forth sufficient grounds for relief under Rule 11.42 and * * * that the motion (was) inclusive of no allegation creating a question of fact to be determined on a hearing by the court." Glass appeals, claiming that the trial court erred in summarily overruling his motion and refusing him an evidentiary hearing. We find that the trial court properly rejected the motion and thus affirm.

Glass requested post-conviction relief on the assertion that he had inadequate representation of counsel, and that the court improperly accepted his plea of guilty. He alleges that from the outset of his arrest he insisted that he was not guilty of any of the charges; that he had no intention of pleading guilty until his attorney "coerced" him into doing so, and that when he pleaded guilty through his counsel he did so with the reservation that he was in fact innocent.

For several years prior to his arrest Glass was known in the area to have been actively engaged in the purchase and sale of considerable quantities of livestock. He concedes that he bought the livestock in question; that his trial counsel was aware of that fact and knew feelings in the community were "high" over the matter; that trial counsel strongly advised him to plead guilty to two of the receiving-stolen-property counts, rather than risk a jury trial which could result in 45 years of imprisonment. Glass now urges that while an attorney has the duty to point out the dangers inherent in a not-guilty plea, it is doubtful if under any circumstances he should influence a client to plead guilty unless and until a free and voluntary admission of guilt is made, and to do otherwise is grounds for invalidating the plea. Our view is quite different. We have held that a defendant's plea of guilty motivated by the desire to escape possible greater punishment is not a basis for vacating the judgment and that it is not improper for an attorney to influence a client to reach such a decision. Harris v. Com., Ky., 456 S.W.2d 690 (1970). Also see North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The record shows that before the plea was accepted Glass answered affirmatively the following questions: "(a) whether this was his personal decision, (b) whether such desired plea on his part was voluntary, (c) whether he felt he had been properly and efficiently represented by counsel, and (d) whether he knew he had a right to a trial by jury with assistance of counsel." Glass' claim that his guilty plea was involuntary and not properly accepted by the court is refuted by the record.

We stated in Messer v. Com., Ky., 454 S.W.2d 694 (1970), that it is " * * * unnecessary for the court to order a hearing if the material issues of fact can fairly be determined on the face of the record." Here they could be. Glass was not entitled to an evidentiary hearing.

Glass also claimed that his constitutional rights were violated because he did not have the assistance of counsel during

the pronouncement of his sentence. The order entered on September 22, 1970, the day Glass entered his plea, shows that the court heard statements in mitigation of punishment and recommendation for probation by Glass' attorney and after due consideration fixed his punishment at two concurrent three-year terms of imprisonment. This decision was formally adjudged on October 29, 1970. We said in Collins v. Com., Ky., 433 S.W.2d 663 (1968), that " * * * the absence of counsel at a sentencing proceeding which involves nothing more or less than the formality of the entry of the commitment order does not render the sentence unconstitutionally infirm in the absence of a showing of prejudice."

The judgment is affirmed.

All concur.