**Carl Lee HUNT and Howard Bailey, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1972.

Stanley C. Nickell, Greenup, for appellants.

Ed W. Hancock, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Justice.

Carl Lee Hunt and Howard Bailey were convicted of stealing from a public building. KRS 433.180. Their punishment was fixed by a jury at five years' imprisonment in the state penitentiary. Hunt and Bailey appeal. We affirm.

On Monday morning, August 30, 1971, it was discovered that the United States Post Office in Vanceburg had been broken into sometime during the weekend. A typewriter, a money order punch machine, two add-ing machines, and approximately $18.00 in money were taken from the building. Later that same morning, Hunt, Bailey and a third person were seen near two cars parked on a farm road near the Ohio River. The farm was near Vanceburg and was rented by Ollie Mustard. The two cars were backed up toward one another in such fashion that the trunks of the automobiles were in close proximity. One automobile was a red and black 1969 Chevrolet with Texas license plates and the other automobile had Illinois license plates. When confronted by two sons of Mr. Mustard and two of their companions, the men around the automobiles stated that they were there to do some fishing. However, they had no fishing tackle. The men left in the automobiles after being requested to do so. After they left, the area near where the cars were parked was found strewn with small bits of paper identified and referred to in the evidence as "punch outs." Local authorities were called in to investigate. These "punch outs" were determined to be of the same kind as those made by the money order machine which had been stolen from the post office. Mr. Mustard's sons and their companions positively identified Hunt and Bailey as being two of the men they saw at the river bank.

On September 9, 1971, state patrolman Ershell B. Shouse, Jr., who had participated in the investigation of the robbery of the post office, was driving west on Kentucky Highway #10 when he saw three men at a roadside park standing near a red and black 1969 Chevrolet with Texas license plates. Officer Shouse drove a short distance down the road, turned around, and drove back into the park. The three men near the Chevrolet ran into the woods. Officer Shouse apprehended two of the men—Howard Bailey and a person identified only as Litteral. Litteral was not tried with Hunt and Bailey. The officer saw Hunt run, but he escaped. Litteral and Bailey told the officer that they had been hitchhiking and that they did not know the driver of the Chevrolet.

The Chevrolet was left in the park under police surveillance for about four hours in the hope that Hunt would return. No one returned to the car. The police took control of the automobile and had it taken to Vanceburg. Shortly thereafter, the automobile was searched by police officers and several "punch outs" were found on the front floor mat of the car. Many small bits of paper were found in the trunk of the car. The police officers unlocked the trunk with a key they had obtained from a search of Hunt's girlfriend's apartment. The key was found in the pocket of one of Hunt's shirts left in the apartment. The officers had a search warrant for the girl's apartment but she consented to the search. The search of the Chevrolet automobile was conducted without the benefit of a warrant. Through investigation, the officers ascertained that the Chevrolet automobile belonged to Foley Rent-A-Car from Houston, Texas. The car had been leased to Hunt for a two-day period, August 24–26, and had been reported stolen. Hunt was arrested on September 10, 1971 in a bar in Vanceburg.

The only issue presented on this appeal is the legality of the warrantless search. After a hearing on appellants' motion to suppress the evidence, the trial court made a finding that the automobile had been abandoned and thus the appellants' constitutional rights as protected by the Fourth and Fourteenth Amendments to the United States Constitution were not infringed upon or violated.

In our opinion, the trial court did not err in finding that the vehicle had been abandoned. The state trooper saw the car parked at a public roadside park. When the trooper approached the appellants and their companion fled to the nearby woods. Hunt was seen running from the scene and did not return to lay claim to the car during the four hours the police kept the vehicle under surveillance. Hunt did not appear and assert any possessory interest in the car after it had been taken by the police officers to Vanceburg. These facts, coupled with other information known to the investigating officers, gave the officers the right to treat the car as abandoned and amply supported the trial court's decision in so finding.

It having been determined that the car had been abandoned, the appellants have no standing to challenge the validity of the warrantless search, and the fruits of that search were admissible.

In Parman v. United States, 130 U.S. App.D.C. 183, 399 F.2d 559 (1968), cert. denied, 393 U.S. 858, 89 S.Ct. 109, 21 L. Ed.2d 126 (1968), the court stated:

"The question of abandonment is 'an ultimate fact or conclusion based generally upon a combination of act and intent,' Friedman v. United States, 347 F.2d 697, 704 (8th Cir.), cert. denied, 382 U.S. 946, 86 S.Ct. 407, 15 L.Ed.2d 354 (1960). . . . We are satisfied that on this record there was abundant evidence to support the finding of abandonment and the conclusion that Appellant lacks standing to challenge legality of the search."

The Parman case involved an abandoned apartment.

In United States v. Edwards, 441 F.2d 749 (1971), the Fifth Circuit Court of Appeals held that:

"Defendant's right to Fourth Amendment protection came to an end when he abandoned his car to the police, on a public highway, with engine running, keys in the ignition, lights on, and fled on foot. At that point defendant could have no reasonable expectation of privacy with respect to his automobile."

The showing of abandonment is much stronger in the instant case than in the Edwards case. It seems abundantly clear that Hunt and Bailey abandoned the rented automobile and thus abandoned any reasonable expectation to a continuation of their

personal right against having the car searched by the officers.

The trial court did not err in failing to sustain the appellants' motion to suppress the evidence obtained on the grounds of violation of constitutional rights.

The judgment is affirmed.

All concur.