**COMMONWEALTH of Kentucky, by and on relation of Ronald G. GEARY, Secretary of the Revenue Cabinet, Appellant,**

v.

**William JOHNSON, Master Commissioner, Franklin Circuit Court, Appellee.**

Court of Appeals of Kentucky.

April 20, 1984.

Richard L. Masters, Legal Services Section, Revenue Cabinet, Frankfort, for appellant.

Marion Rider, Frankfort, for appellee.

Before HOWERTON, REYNOLDS and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from a judgment of the Franklin Circuit Court in a mandamus action brought by the appellant against the appellee master commissioner to compel him to sell certain personal property removed from safety deposit boxes and delivered to the appellant pursuant to KRS 393.110(3). The circuit court held that the appellee was not obliged to sell the property

"until the state's title thereto is established through appropriate judicial proceeding." The court stated that such procedure was required by due process of law.

Although much of the argument of the parties is concerned with the requirements of due process with respect to the escheat of personal property to the Commonwealth, we do not deem it necessary to consider such argument in view of the facts of the case and the statutes involved.

KRS 393.020 provides, in part, that "any property abandoned by the owner, except a perfect title to a corporeal hereditament, shall vest in the state, subject to all legal and equitable demands." That statute also provides that property vesting in the state pursuant to its terms shall be liquidated and that the proceeds, less certain charges, shall be paid to the appellant. KRS 393.-060 states that certain property held by banks, including personal property removed from safety deposit boxes on which the rental period has expired due to nonpayment of rent or other reason, which property has been unclaimed by the owner for more than ten years after expiration, is "presumed abandoned." KRS 393.110(3) requires every person holding property "presumed abandoned" under KRS Chapter 393 annually to turn over such property to the appellant. KRS 393.120 sets out that the appellant shall deliver "[t]angible personal property required by KRS chapter 393 to be liquidated" to the master commissioner in the county in which it is located, who shall sell the property at public auction and pay the proceeds to the appellant.

It is clear from the foregoing statutes that property which has been abandoned vests in the state and that abandoned personal property shall be sold at auction by the master commissioner of the county in which such property is located. It is equally clear that each year property "presumed abandoned" shall be turned over to the appellant. What is not as clear from these statutes is whether property "presumed abandoned" is the same as "property abandoned" for the purposes of KRS Chapter 393.

■ From our examination of other sections of KRS Chapter 393 it appears that this chapter does not intend the term "presumed abandoned" to be synonymous with "abandoned." Rather, property is abandoned in the statutory sense only when it has been *actually,* as opposed to *presumptively,* abandoned. This is made clear, for example, by KRS 393.140(2) (emphasis added), which provides that

[a]ny person claiming an interest in any estate or property paid or surrendered to the state in accordance with KRS 393.060 to 393.120, *that was not subsequently adjudged under the procedure set out in KRS 393.230 to have been actually abandoned* ... may file his claim to it at any time after it was paid to the state.

and by KRS 393.230(2), which states:

If any intangible property is turned over to the department [i.e., the appellant] on presumption of abandonment, in accordance with KRS 393.060 to 393.120, the commissioner may at any subsequent time institute proceedings to establish conclusively that it was actually abandoned....

Furthermore, KRS 393.170 makes a distinction between "property escheated under this chapter by reason of actual abandonment" and property merely surrendered to the state "on a presumption of abandonment."

■ In summary, the scheme of KRS Chapter 393 seems to be that the appellant is to have the custody of property such as is involved here when a presumption of abandonment takes place. Until the property has been adjudged by a court of competent jurisdiction to be actually abandoned, the property does not escheat to the state, and until that time the owner still is entitled to regain its possession from the appellant. This interpretation of the statutory scheme was made in *Anderson National Bank v. Reeves,* 293 Ky. 735, 170 S.W.2d 350 (1943), and there have been no statutory changes since then which would require us to reach a different result. As

the property here has not yet escheated to the state, the appellee is under no statutory duty to sell it because it is not "tangible personal property required by KRS chapter 393 to be liquidated." KRS 393.120.

Because of the result that we have reached, it is not necessary to consider the question of the appellee's standing to raise a due process issue or the issue itself.

The judgment of the circuit court is affirmed.

All concur.