**Brandon Leon WATKINS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No.  2008–SC–000567–DG.

Supreme Court of Kentucky.

March 18, 2010.

Linda Roberts Horsman, Department of Public Advocacy, Frankfort, KY, Counsel for Appellant.

Jack Conway, Attorney General, Heather Michelle Fryman, Assistant Attorney General, Office of Criminal Appeals, Office of the Attorney General, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice CUNNINGHAM.

In the early afternoon on November 18, 2006, Appellant, Brandon Leon Watkins, was observed by policeman, Brian Atkinson of the Elkton Police Department, speeding down Highway 68 in Todd Coun-

ty, Kentucky at approximately 30 miles over the speed limit.

When Officer Atkinson attempted to stop the vehicle for speeding, Appellant sped away and attempted to elude the pursuing officer. Officer Atkinson illuminated his overhead lights. After what was apparently a relatively short, high-speed chase, Appellant spun out in the median of the highway and blew out a tire. The vehicle came to a stop, totally in the grass median and outside of any lane of traffic. He then exited the vehicle and attempted to escape on foot by running into the adjoining countryside.

Prior to exiting his police vehicle and chasing Appellant on foot, Officer Atkinson radioed for backup assistance. Chief of the Elkton Police Department, Bruce Marklin, and other officers responded to the call. Appellant was soon apprehended by officers from the Elkton Police Department. After learning by radio of the capture of Appellant, Officer Atkinson returned to Appellant's vehicle. He was met there by both Chief Marklin and Officer Rodney Moberly. The officers were able to ascertain that the vehicle was owned by an unknown female in another town. From the video taken from the camera mounted on the dash of Officer Atkinson's police vehicle, it appears that Chief Marklin reached into the car and turned off the ignition.

Before having the vehicle towed, the officers conducted a search of both the interior of the car, as well as the trunk. In the trunk, they discovered marijuana and crack cocaine inside a red and white cooler. Therefore, the officers considered the search of the vehicle to be an inventory search prior to arrival of the tow truck. Also, they were fulfilling a policy of the Elkton Police Department to tow all vehicles that are stranded on the "travel portion" of the roadway.

A motion to suppress the evidence was made by Appellant and denied by the trial court. The trial court made findings that Appellant lacked standing to challenge the search since he had abandoned the vehicle. The trial court also concluded that the search was properly conducted pursuant to an inventory exception to the warrant requirement.

Appellant entered a conditional guilty plea to speeding in excess of 26 miles per hour over the speed limit; failure to comply with instructional permit; fleeing or evading police in the second degree; possession of marijuana under 8 ounces; and possession of controlled substance (cocaine) in the first degree, second offense. He was sentenced to a total term of six (6) years in the state penitentiary.

The Court of Appeals affirmed the conviction, including the trial court's ruling that Appellant forfeited his standing to contest the search when he abandoned the car.

We granted discretionary review and hereby affirm.

In upholding the search of the vehicle, the trial court held that Appellant had abandoned the vehicle and had no expectation of privacy as to it or its contents. The trial court also concluded that even if there was standing to challenge the search, it was proper as being conducted pursuant to the inventory exception to the warrant requirement.

Since we affirm the Court of Appeals in holding that Appellant lacks standing due to abandonment, we do not address the inventory issue.

█ The Fourth Amendment to the U.S. Constitution and Section 10 of the Kentucky Constitution afford our citizenry protection against unreasonable searches and seizures. However, in order to have

standing to make such a claim, the person claiming must have a "reasonable expectation of privacy" in the place to be searched. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). *See also Colbert v. Commonwealth*, 43 S.W.3d 777 (Ky.2001). It is important to point out that, in the *Colbert* case, we do not construe Section 10 of our Kentucky Constitution to extend a greater protection against warrantless searches than that afforded warrantless searches under the Fourth Amendment to the U.S. Constitution. With that in mind, we recognize that the U.S. Supreme Court has long held that an individual does not hold any reasonable expectation of privacy to abandoned property. *California v. Greenwood*, 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988).

■ Under both Section 10 of the Kentucky Constitution and the Fourth Amendment to the U.S. Constitution, abandoned property is outside of constitutional protection. *Hunt v. Commonwealth*, 488 S.W.2d 692, 694 (Ky.1972). What constitutes abandoned property has to be determined on a case-by-case basis. Therefore, the act of abandonment itself turns to a large degree upon the possessor's state of mind. *Friedman v. United States*, 347 F.2d 697, 704 (8th Cir.1965). To that extent, trial courts must weigh the evidence and consider the circumstances in reaching a conclusion as to whether the property has, in fact, been abandoned. *Hunt*, 488 S.W.2d at 694.

■ It is clear from the facts in this case that Appellant abandoned the vehicle. First of all, we consider it significant that the automobile he was driving was registered in the name of another person. He led the police on a high-speed chase when law enforcement attempted to pull him over for speeding. That chase came to an end when he spun out in the median and blew out a tire. He immediately left the vehicle and ran off, leaving incriminating evidence in the trunk of the car. The police continued to give pursuit on foot. It stretches the imagination to the breaking point to believe that the fugitive Appellant would have returned to the disabled vehicle, changed the tire, and driven away.

Leaving property behind, when in flight from apprehension by law enforcement, must be considered in and of itself an abandonment of that property. When one or more persons are fleeing and evading law enforcement officers, who are in hot pursuit, and the car is stopped or becomes disabled and all occupants flee from the vehicle, that vehicle is considered abandoned and may be subject to a warrantless search.

Our holding today should be narrowly applied to the facts of fleeing fugitives. We are sensitive to the many legal ramifications of the word "abandonment" in property law and otherwise. "Abandonment of property" has a long history in common and statutory law. *See* KRS 189.752(3); KRS 189.753; KRS 393.020; and *Com. by Geary v. Johnson*, 668 S.W.2d 569 (Ky.App.1984). We use "abandonment" here strictly in the constitutional context. It goes only to the surrender of standing by a fleeing fugitive to contest a search and seizure as to property discarded in that escape. Our holding should not be stretched beyond these narrowly drawn facts.

The trial court was correct in denying the motion to suppress and, therefore, the conviction is affirmed.

All sitting. All concur.