RENDERED: NOVEMBER 6, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0250-MR

RODGER LEE COX　　　　　　　　　　　　　　　　APPELLANT

　　　　　　　　　　APPEAL FROM MARION CIRCUIT COURT
v.　　　　　　　　　　HONORABLE DAN KELLY, JUDGE
　　　　　　　　　ACTION NOS. 18-CR-00222 & 18-CR-00223

COMMONWEALTH OF KENTUCKY　　　　　　　　　APPELLEE

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; KRAMER AND MCNEILL, JUDGES.

CLAYTON, CHIEF JUDGE: Rodger Lee Cox ("Cox") appeals *pro se* from the

Marion Circuit Court's order denying his motions to vacate his sentence pursuant

to Kentucky Rule of Criminal Procedure ("RCr") 11.42 and for an evidentiary

hearing. Finding no error, we affirm.

# BACKGROUND

In April of 2018, Cox unlawfully entered the home of Chris Rakes and stole three handguns, a rifle, and $1,500.00 in cash. Cox also unlawfully entered Rakes's detached garage and stole certain equipment, including a welder and a generator. Cox ultimately pled guilty to two counts of second-degree burglary, one count of possession of a handgun by a convicted felon, and one count of possession of a firearm by a convicted felon. The trial court sentenced Cox in accordance with the Commonwealth's recommendation of ten years' imprisonment.

Thereafter, in October of 2019, Cox filed both a motion to vacate his sentence pursuant to RCr 11.42 and a motion for an evidentiary hearing. The trial court entered a final judgment on January 28, 2020, denying both Cox's RCr 11.42 motion and his motion for an evidentiary hearing. Cox thereafter filed this appeal.

# ANALYSIS

a. **Standard of Review**.

In a motion brought under RCr 11.42, "[t]he movant has the burden of establishing convincingly that he or she was deprived of some substantial right which would justify the extraordinary relief provided by [a] post-conviction proceeding." *Simmons v. Commonwealth*, 191 S.W.3d 557, 561 (Ky. 2006), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151, 159

(Ky. 2009) (citation omitted). An RCr 11.42 motion "is limited to issues that were not and could not be raised on direct appeal." *Id.*

A successful petition for relief under RCr 11.42 for ineffective assistance of counsel must survive the twin prongs of "performance" and "prejudice" provided in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *accord Gall v. Commonwealth*, 702 S.W.2d 37, 39-40 (Ky. 1985). As explained by the Kentucky Supreme Court, "[a] deficient performance contains errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (internal quotation marks and citation omitted). Moreover, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065 (internal quotation marks omitted). As further stated in *Strickland*, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*, 466 U.S. at 690, 104 S. Ct. at 2066.

As to the second *Strickland* prong, the defendant has the duty to "affirmatively prove prejudice." *Id.*, 466 U.S. at 693, 104 S. Ct. at 2067. In the context of a guilty plea:

> A conclusory allegation to the effect that absent the error the movant would have insisted upon a trial is not enough. The movant must allege facts that, if proven, would support a conclusion that the decision to reject the plea bargain and go to trial would have been rational, *e.g.*, valid defenses, a pending suppression motion that could undermine the prosecution's case, or the realistic potential for a lower sentence.

*Stiger v. Commonwealth*, 381 S.W.3d 230, 237 (Ky. 2012) (citations and footnote omitted).

Appellate review of the denial of an RCr 11.42 motion is *de novo*. *McGorman*, 489 S.W.3d at 736. Where the trial court does not hold an evidentiary hearing on an RCr 11.42 motion, appellate review is limited to "whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967) (citations omitted). An evidentiary hearing is only required "if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001) (citations omitted).

b. **Analysis**

Turning to the first error Cox alleges on appeal, Cox claims that his trial counsel neglected to reveal to Cox certain recanted witness statements before Cox entered his guilty plea. Because Cox is essentially arguing that his guilty plea was invalid, he "must allege *with particularity specific facts* which, if true, would render the plea involuntary under the Fourteenth Amendment's Due Process Clause, would render the plea so tainted by counsel's ineffective assistance as to violate the Sixth Amendment, or would otherwise clearly render the plea invalid." *Stiger*, 381 S.W.3d at 234 (emphasis added).

Here, Cox provides no specific details as to the actual content of either the original testimony or to the claimed recanted testimony. He fails to explain how the claimed recanted testimony rendered his guilty plea involuntary under the Fourteenth Amendment's Due Process Clause, nor does he clarify or give specific facts as to why he would have rejected the plea deal had his trial counsel disclosed the allegedly recanted statements and why such rejection would have been rational. Finally, he fails to allege with particularity why the disclosure of the alleged recanted testimony "would otherwise clearly render the plea invalid." *Id*. Therefore, Cox cannot claim post-conviction relief based on this claim.

Cox next argues that his counsel was ineffective in failing to file a motion to suppress evidence seized from a location that Cox describes as "Upper 70 Stone Creek Road." We again emphasize that "to be entitled to relief under RCr 11.42, the movant must 'state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds.'" *Roach v. Commonwealth*, 384 S.W.3d 131, 140 (Ky. 2012) (citation omitted). Moreover, "[c]onclusory allegations that counsel was ineffective without a statement of the facts upon which those allegations are based do not meet the rule's specificity standard and so 'warrant a summary dismissal of the motion.'" *Id*. (citation omitted).

Here, Cox has failed to show any basis upon which his trial counsel could have argued that any evidence resulting from the search of the location should have been suppressed. Cox does not claim, nor does the record reveal, that Cox had any sort of property interest or other type of interest in the Upper 70 Stone Creek Road location to indicate that he would have a reasonable expectation of privacy. *See Watkins v. Commonwealth*, 307 S.W.3d 628, 629-30 (Ky. 2010) (citation omitted) ("[I]n order to have standing [to claim a violation under the Fourth Amendment of the United States Constitution or Section Ten of the Kentucky Constitution], the person claiming must have a 'reasonable expectation of privacy' in the place to be searched."). Because Cox's claim regarding the

search of Upper 70 Stone Creek Road lacked the required specificity regarding such expectation of privacy, he cannot obtain post-conviction relief. *Stiger*, 381 S.W.3d at 234.

Cox next alleges that his trial attorney was ineffective for counseling Cox to accept a plea deal that violated his constitutional rights against double jeopardy. Cox contends that, in pleading guilty to two burglary charges arising from the same incident, his double jeopardy rights were violated because he was convicted twice for the same burglary.

The constitutional prohibition against double jeopardy is codified in Kentucky Revised Statutes ("KRS") 505.020(1), which provides that "[w]hen a single course of conduct of a defendant may establish the commission of more than one (1) offense, he may be prosecuted for each such offense." The Kentucky Supreme Court has explained that "KRS 505.020 does not bar the prosecution or conviction upon multiple offenses arising out of a single course of conduct when the facts establish that two or more separate and distinct attacks occurred during the episode of criminal behavior." *Kiper v. Commonwealth*, 399 S.W.3d 736, 745 (Ky. 2012). As such, "for multiple convictions to be proper there must have been a cognizable lapse in [the defendant's] course of conduct during which the defendant could have reflected upon his conduct, [even] if only momentarily, and formed the intent to commit additional acts." *Id*. (citation omitted).

In this case, Cox broke into two different buildings and stole different items from each building. Thus, Cox pled guilty to two separate burglaries: one for breaking into a home and stealing firearms and one for breaking into a detached garage and stealing equipment. Consequently, Cox participated in two "separate and distinct attacks" with "a cognizable lapse" in his course of conduct; as such, double jeopardy did not apply and Cox's trial counsel could not be found ineffective under this claim. *Id*.

Cox's next argument is that his trial counsel was ineffective for not investigating shell casings found at Upper 70 Stone Creek Road. Cox contends that such an investigation would have revealed that such shell casings came from a police gun, proving that he never had a firearm. However, Cox pled guilty to one count of possession of a firearm by a convicted felon and one count of possession of a handgun by a convicted felon. The relevant statute, KRS 527.040, only requires the possession, manufacturing, or transporting of a firearm or handgun by a convicted felon. Therefore, we agree with the Commonwealth that Cox has failed to satisfy the prejudice prong required in an ineffective assistance of counsel claim, as he did not plead guilty to any crime requiring that he discharge a firearm.

Finally, Cox contends the trial court wrongfully deprived him of an evidentiary hearing. However, he is "not automatically entitled" to such a hearing. *Stanford v. Commonwealth*, 854 S.W.2d 742, 743 (Ky. 1993) (citation omitted).

Only if there is "a material issue of fact that cannot be determined on the face of the record" must the trial court allow an evidentiary hearing. *Id*. (citation omitted). As stated by the Kentucky Supreme Court, if the record refutes the claims of error, there is no basis for holding an evidentiary hearing. *Id*. (citing *Glass v. Commonwealth*, 474 S.W.2d 400, 401 (Ky. 1971)). In this case, the trial court correctly determined, based on the record and as previously discussed, that no material issue of fact existed. Thus, we can discern no error in the trial court's decision to not hold an evidentiary hearing in this case.

## **CONCLUSION**

Based on the foregoing, we affirm the Marion Circuit Court's order.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Rodger Lee Cox, *pro se*
Eddyville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Robert Baldridge
Assistant Attorney General
Frankfort, Kentucky