RENDERED: JANUARY 29, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-0573-MR

KENNETH W. GOBEN APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE OLU A. STEVENS, JUDGE
ACTION NOS. 10-CR-000178 AND 13-CR-002399

COMMONWEALTH OF KENTUCKY APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE: Kenneth W. Goben, *pro se*, appeals from an opinion

and order by the Jefferson Circuit Court which summarily denied his motion to

vacate his sentence pursuant to Kentucky Rules of Criminal Procedure (RCr)

11.42.

The basis for Goben's underlying charges and eventual conviction after a jury trial was as follows:

> After receiving information from a reliable confidential informant that Goben was manufacturing methamphetamine at Sandra Conaster's house, Louisville Metro Police Narcotics Det. Steve Healey set up surveillance on December 9, 2009. While positioned with a view of the front of the residence, Det. Healey saw Goben leaving the house several times with garbage bags, which he took to the rear of the house. Thereafter, Conaster and Goben, who was carrying a black duffel bag, left the house and went to Goben's truck. Goben put the bag in the truck, and Conaster got into the truck on the passenger's side. Det. Healey then decided to end the surveillance, and he approached the truck, where he saw two one-pot-methamphetamine reactionary [sic] vessels, one in the black duffle bag and one on the seat by Conaster.
>
> Det. Healy called for assistance and then took Conaster and Goben back into the house, arrested both Conaster and Goben, and read them their *Miranda*[1] rights. Goben then told Det. Healey that he had recently activated one of the vessels in the truck and volunteered to "kill it," *i.e.* to make it safe. Goben also told Det. Healy the methamphetamine lab and "all the items" were his and that Conaster was merely allowing him to use her house to manufacture methamphetamine.
>
> During the search of Goben's truck, the black duffle bag, Conaster's house, and the garbage cans outside the house, officers found other evidence of manufacturing and trafficking including: a baggie containing three grams of methamphetamine; a digital scale; a scoop; small empty plastic baggies; pipes; rolling papers; acetone; salt; drain cleaner; automobile starting

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

fluid; pseudoephedrine pills; battery casings with the lithium removed; plastic tubing; a coffee grinder containing pill residue; an aquarium pump; plastic bottles containing chemicals; and Coleman fuel. Police also took $429 in cash from Goben.

*Goben v. Commonwealth*, No. 2014-SC-000039-MR, 2015 WL 4967251, *1 (Ky. 2015) (unpublished) (footnote omitted).

On August 31, 2010, Goben filed motions to suppress his statement to the police and to suppress the evidence found in his truck. On September 20, 2010, following an evidentiary hearing, the trial court denied Goben's motions, finding his statement was voluntary, and the reactionary vessel in the truck was in plain view and recognizable as contraband by Detective Healey.

On October 30, 2013, the jury found Goben guilty of manufacturing methamphetamine, trafficking in a controlled substance in the first degree (methamphetamine), and being a persistent felony offender in the first degree (PFO 1). In accordance with the jury's recommendation, on December 19, 2013, Goben was sentenced to a total of thirty years' imprisonment, ten years on the manufacturing charge, enhanced to twenty years for being a PFO 1, and five years on the trafficking charge, enhanced to ten years for being a PFO 1, to be served consecutively.

Goben filed a direct appeal to the Kentucky Supreme Court arguing he was denied the right to a speedy trial and that there were several instances of

error by the circuit court, consisting of failing to remove three jurors for cause, denying his motion for a directed verdict as to the trafficking charge, denying his motion to take testimony from Conaster's boyfriend by avowal, and denying his motion for a lesser included instruction on the methamphetamine trafficking charges of simple possession. *Id.* at 2-11. He did not appeal the denial of his motions to suppress.

As to the denial of his motion for a directed verdict, Goben argued that his trafficking conviction hinged on proof that he had possessed the contents of the black duffle bag, but "the Commonwealth failed to lay a proper foundation regarding what was in the black duffle bag because none of the Commonwealth's witnesses testified that he had searched or observed the search of the black duffle bag." *Id.* at 7. In affirming, the Kentucky Supreme Court explained that Goben's argument was problematic because:

> it ignore[d] Det. Healey's testimony that Goben stated that "all the items were his" and that the black duffle bag was in Goben's truck. Taking that testimony, in conjunction with the evidence seized, and viewing that evidence in the light most favorable to the Commonwealth, the court did not err in finding that the jury could conclude that Goben possessed the items found in the black duffle bag.

*Id.*

On November 7, 2016, Goben filed his motion to vacate his sentence pursuant to RCr 11.42. He argued he received ineffective assistance of trial

-4-

counsel because counsel: (1) failed to conduct an adequate pretrial investigation; (2) failed to present a case for the defense; (3) failed to obtain an expert witness to assist in his case; (4) failed to file a pretrial motion to suppress evidence obtained without a warrant; and (5) the previous errors had the cumulative effect of rendering the proceeding fundamentally unfair. Goben also argued he received ineffective assistance of appellate counsel because appellate counsel failed to raise unpreserved errors in his appeal. Goben requested an evidentiary hearing.

On August 31, 2017, the circuit court summarily denied Goben's motion without an evidentiary hearing. The circuit court determined that Goben's claims of ineffective assistance of counsel were refuted as a matter of reasonable trial strategy, a motion to suppress was brought and decided during the original proceeding, and Goben failed to establish that his counsel was deficient in choosing the six issues which were presented on appeal.

In order to be entitled to the extraordinary relief of RCr 11.42, Goben must establish he was deprived of his constitutional right to counsel. Under *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984), Goben must show his counsel's performance was incompetent and prejudiced him because it fell below an object standard of reasonableness, and there is a reasonable probability that the result of the proceeding would have been different but for counsel's errors.

"In determining whether the degree of skill exercised by the attorney meets the proper standard of care, the attorney's performance is judged by the degree of its departure from the quality of conduct customarily provided by the legal profession." *Centers v. Commonwealth*, 799 S.W.2d 51, 55 (Ky.App. 1990). A deficient performance causes a "defendant to lose what he otherwise would probably have won" and results in a "defeat . . . snatched from the hands of probable victory." *Bronk v. Commonwealth*, 58 S.W.3d 482, 487 (Ky. 2001) (quoting *Foley v. Commonwealth*, 17 S.W.3d 878, 884 (Ky. 2000)).

"There are no set rules or guidelines for analyzing counsel's performance[.]" *Brown v. Commonwealth*, 253 S.W.3d 490, 498 (Ky. 2008). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

Without an evidentiary hearing, the trial court could not properly conclude from the record alone that certain decisions were the result of trial strategy. Thus, on appellate review, we cannot determine from the record whether counsel's decision "was trial strategy, or 'an abdication of advocacy.'" *Hodge v. Commonwealth*, 68 S.W.3d 338, 345 (Ky. 2001) (quoting *Austin v. Bell*, 126 F.3d 843, 849 (6th Cir. 1997)).

However, in *Commonwealth v. Searight*, 423 S.W.3d 226, 231 (Ky. 2014), the Kentucky Supreme Court explained that if the lower court ultimately acted properly in denying an RCr 11.42 motion on prejudice grounds without a hearing, a reviewing court would act in error to order "a nugatory hearing to determine trial strategy." Therefore, "[w]here the record is clear that an ineffective assistance of counsel claim would ultimately fail the prejudice prong of *Strickland*, regardless of the outcome of a hearing on the deficiency prong, the trial court should be affirmed even in the absence of such a hearing." *Haley v. Commonwealth*, 586 S.W.3d 744, 751 (Ky.App. 2019).

On appeal, Goben argues that his counsel's performance was deficient and prejudiced him by failing to adequately investigate various documents. These included a Health Department report, Det. Healey's Seizure Report and Uniform Citation, Conaster's plea agreement, Det. Healey's Investigative Report and Robert Krause's Inventory/Packing List. Goben argues these reports when considered together showed that he was not guilty of trafficking or manufacturing because the relevant materials were in the house and not in his black duffle bag in the truck, and that the police department violated its own standard operating procedures in investigating. He argues that if his attorneys had adequately investigated, they would have filed a motion to suppress, could have impeached Det. Healey at trial with inconsistencies, and it would have changed the outcome of his trial.

Goben ignores the fact that his conviction rested not solely upon what was in the black duffle bag in the truck, but also on his admission that he was the one cooking methamphetamine in the house and that all the items were his. Therefore, whether the items were found in the black duffle bag or in the house is not dispositive of whether Goben was guilty. Additionally, the location of a one-step lab in the house does not preclude the existence of additional one-step labs in his duffle bag or truck.

Goben argues that his trial counsel failed to present a case for the defense in that counsel did not make the Commonwealth prove its case. Goben attempts to argue that he was never in actual or constructive possession of any methamphetamine lab, chemicals, or methamphetamine, again relying on his argument that the precursors and lab was located in Conaster's house and Conaster pled guilty to possessing a lab and chemicals.

Goben ignores the fact that incriminating materials being found in the house does not negate the fact that incriminating materials could also be found in his duffle bag and also ignores the evidence connecting him to possessing the drugs and precursors.

As explained in *Johnson v. Commonwealth*, 553 S.W.3d 213, 219 (Ky. 2018), more than one person may be in physical possession of the same drug at the same time and possession may be actual or constructive. Therefore,

Conaster admitting she was in possession of a methamphetamine lab and chemicals in the house does not preclude Goben from also having joint possession of them or having joint or separate possession of other items in his bag.

Additionally, where a defendant admitted to occasionally residing in the home where drugs were found and admitted to the police before the search that "everything in the house was his and that [the other person] had nothing to do with it[,]" a conviction based on the drugs found in the home was not unreasonable. *Id.* A similar situation is present here, where Goben admitted to the police that the illegal substances and precursors in the house were his and Conaster was allowing him to use her home to manufacture methamphetamine. While Goben now argues that he was innocent, his previous admissions, which were statements against interest, are not thereby precluded from being considered as evidence of his guilt

Goben also argues that Conaster and her boyfriend were attempting to set him up. However, he does not point to any witnesses who could have been called which would have established a defense of entrapment. Suppositions are not evidence and could not have changed the outcome of the trial. While there was a confidential informant, there was no evidence that it was Conaster's boyfriend or that the confidential informant was trying to entrap Goben.

Goben argues that his counsel was ineffective for failing to procure an expert to assist in his case but fails to establish how expert testimony would have

helped him given the evidence. He argues that an expert witness would have countered the Commonwealth's witnesses by testifying that the soda bottles were not tested, apparently to establish that they were not one-step methamphetamine labs. However, Goben has not provided any basis for this expectation and this issue was certainly one that could have been and was addressed on cross-examination of the Commonwealth's witnesses. Goben also argues an expert was needed to interpret the evidence but does not explain what difference this would have made.

Goben argues that his trial counsel was ineffective for failing to file a motion to suppress and that what the circuit court claims was a motion to suppress was actually a motion for credits toward bail and again argues that the Health Department report which would counteract what the detectives claim to have discovered in the truck and that the search of the truck was illegal. Goben argues that the one-step lab in his truck was just a soda bottle and the police did not have a right to look in the trash cans. However, Goben notes that the detective relied on the one-step lab in the truck being in plain view to get around the warrant requirement and does not explain why this was not a valid basis for a search.

The record establishes that Goben did file a motion to suppress the search and seizure of items in his truck, but that after a suppression hearing his motion was denied. Plain view is a well-established exception to a search warrant.

*Commonwealth v. Jones*, 217 S.W.3d 190, 195 (Ky. 2006). Additionally, exigent circumstances can justify a warrantless search and seizure when there is probable cause to believe methamphetamine is in the process of being manufactured as it poses a "risk of danger to police or others." *Pate v. Commonwealth*, 243 S.W.3d 327, 331 (Ky. 2007) (quoting *United States v. Atchley*, 474 F.3d 840, 850 (6th Cir. 2007)).

While the motion to suppress did not challenge the "trash pull," it is well established that the contents of trash cans can be properly searched where they are not within the protected curtilage of a home. *Commonwealth v. Ousley*, 393 S.W.3d 15, 26-29 (Ky. 2013). Although the Fourth Amendment to the United States Constitution and Section 10 of the Kentucky Constitution protect people against unreasonable searches and seizures, even if the trash cans were within the curtilage of Conaster's house, to have standing to challenge the trash pull Goben would have had to claim "a 'reasonable expectation of privacy' in the place to be searched." *Watkins v. Commonwealth*, 307 S.W.3d 628, 630 (Ky. 2010) (quoting *Katz v. United States,* 389 U.S. 347, 360, 88 S.Ct. 507, 516, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring) (coining phrase). Goben does not allege and we see no reason to conclude that Goben had a viable privacy interest in Conaster's home.

Goben attempts to claim that police violated their procedures in searching without a warrant and not properly collecting and preserving evidence.

-11-

However, even if there were violations of police procedures, this is not a valid basis for suppressing evidence pursuant to the exclusionary rule as it only applies to violations of a constitutional right. *Hardy v. Commonwealth*, 149 S.W.3d 433, 436 (Ky.App. 2004).

Goben argues there was cumulative error. However, if "there was no specific reversible error, there was no cumulative error." *Haley v. Commonwealth*, 586 S.W.3d 744, 754 (Ky.App. 2019).

Finally, Goben argues that he was denied due process and effective assistance of appellate counsel when his appellate counsel failed to raise unpreserved claims on appeal. "To succeed on [an ineffective assistance of appellate counsel] claim, the defendant must establish that counsel's performance was deficient, overcoming a strong presumption that appellate counsel's choice of issues to present to the appellate court was a reasonable exercise of appellate strategy." *Hollon v. Commonwealth*, 334 S.W.3d 431, 436 (Ky. 2010). While "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal . . . it is difficult to demonstrate that counsel was incompetent" in failing to raise a particular claim. *Smith v. Robbins*, 528 U.S. 259, 288, 120 S.Ct. 746, 765, 145 L.Ed.2d 756 (2000). "[G]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of

effective assistance of counsel be overcome[.]" *Id.* (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). "Finally, the defendant must also establish that he or she was prejudiced by the deficient performance, which, as noted, requires a showing that absent counsel's deficient performance there is a reasonable probability that the appeal would have succeeded." *Hollon*, 334 S.W.3d at 437.

Goben argues his appellate counsel failed to raise a claim on appeal as to a possible *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963), violation where the Commonwealth did not provide him with a copy of the Health Department report. He also argues the officer presented perjured evidence to the grand jury by testifying that the lab was in the truck when it was actually in the house and there was no evidence that a methamphetamine lab even existed where no samples were taken to establish that methamphetamine was being produced in the soda bottles.

Goben cannot establish either ineffective assistance of appellate counsel or prejudice. Unpreserved claims are more difficult to succeed with on appeal because to merit reversal they must be palpable under RCr 10.26. "Of course, for [a] matter to be palpably erroneous, it must be erroneous." *Martin v. Commonwealth*, 409 S.W.3d 340, 346-47 (Ky. 2013).

While pursuant to *Brady*, the Commonwealth has a duty to disclose exculpatory evidence to the defendant, *Commonwealth v. Bussell*, 226 S.W.3d 96,

-13-

99-100 (Ky. 2007), the Health Department report was not exculpatory as a one-step lab being located in the house did not preclude there from also being one-step labs in Goben's bag and truck. Similarly, supposed perjury to the Grand Jury and a failure to establish that Goben possessed the labs, would not have provided a meritorious basis for relief and certainly were much weaker arguments than those presented on appeal. There is no basis for establishing that perjured testimony was presented to the Grand Jury. Chemical testing was not required to prove that the soda bottles were one-step labs when Goben admitted what they were. While Goben states he is actually innocent, there was certainly ample evidence produced at trial to establish otherwise.

Accordingly, the circuit court did not err in denying Goben's RCr 11.42 motion without an evidentiary hearing because he could not establish any prejudice from the supposed errors of counsel.

ALL CONCUR.

BRIEF FOR APPELLANT:

Kenneth W. Goben, *pro se*
Eddyville, Kentucky

BRIEF FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky