RENDERED:  APRIL 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0499-MR

RODGER LEE COX **APPELLANT**

APPEAL FROM TAYLOR CIRCUIT COURT
v.    HONORABLE SAMUEL TODD SPALDING, JUDGE
ACTION NOS. 18-CR-00125-001 AND 18-CR-00255

COMMONWEALTH OF KENTUCKY **APPELLEE**

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  JONES, LAMBERT, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE:  Rodger Lee Cox appeals *pro se* from the Taylor
Circuit Court's order summarily denying his motion to vacate his sentence
pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42 based on
ineffective assistance of counsel.  As Cox has failed to establish any error or
prejudice, we affirm.

In February of 2018, Cox unlawfully entered a residence located in Campbellsville, Kentucky, from which he stole items valued at approximately $45,000. As a result, in 18-CR-00125-001, Cox was indicted in Taylor Circuit Court on one count of second-degree burglary pursuant to Kentucky Revised Statutes (KRS) 511.030; one count of receiving stolen property, $10,000 or more pursuant to KRS 514.110; and one count of being a first-degree persistent felony offender (PFO 1) pursuant to KRS 532.080(3).

In May of 2018, Cox cashed a stolen check in the amount of $135 at OM Foodmart in Mannsville, Kentucky, and he cashed another stolen check in the amount of $110.50 at a Highway 70 Mart in Campbellsville, Kentucky. As a result, in 18-CR-00255, Cox was indicted in Taylor Circuit Court on two counts of second-degree criminal possession of a forged instrument pursuant to KRS 516.060, and one count of being a PFO 1.

On March 19, 2019, the Taylor Circuit Court approved Cox's plea agreement with the Commonwealth, whereby he pled guilty to the substantive charges in both cases, the PFO enhancements were dismissed and he was sentenced to six years' imprisonment. The Taylor Circuit Court also noted that in February of 2019, Cox had entered guilty pleas in two other cases in Marion Circuit Court (18-CR-00222 and 18-CR-00023). In those unrelated cases, Cox had been indicted on two counts of second-degree burglary, one count of possession of

a handgun by a convicted felon, and one count of possession of a firearm by a convicted felon, and he was ultimately sentenced to ten years' imprisonment. Considering that, the Taylor Circuit Court ordered Cox's six-year term of imprisonment in 18-CR-00255 and 18-CR-00125-001 to run concurrently with his ten-year term arising from 18-CR-00222 and 18-CR-00023. In short, Cox received no additional time in custody due to his cases in Taylor Circuit Court.

Thereafter, in January of 2020, Cox filed both a motion to vacate his sentences in the two Taylor Circuit Court cases pursuant to RCr 11.42 and a motion for an evidentiary hearing. On March 26, 2020, the Taylor Circuit Court denied both Cox's RCr 11.42 motion and his motion for an evidentiary hearing. Cox thereafter filed this appeal.

In a motion brought under RCr 11.42, "[t]he movant has the burden of establishing convincingly that he or she was deprived of some substantial right which would justify the extraordinary relief provided by [a] post-conviction proceeding." *Simmons v. Commonwealth*, 191 S.W.3d 557, 561 (Ky. 2006), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151, 159 (Ky. 2009). An RCr 11.42 motion "is limited to issues that were not and could not be raised on direct appeal." *Simmons*, 191 S.W.3d at 561.

A successful petition for relief under RCr 11.42 for ineffective assistance of counsel must survive the twin prongs of "performance" and

"prejudice" provided in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *accord Gall v. Commonwealth*, 702 S.W.2d 37, 39-40 (Ky. 1985). As explained by the Kentucky Supreme Court, "[a] deficient performance contains errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (internal quotation marks and citation omitted). Moreover, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065 (internal quotation marks omitted). As further stated in *Strickland*, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690, 104 S. Ct. at 2066.

As to the second *Strickland* prong, the defendant has the duty to "affirmatively prove prejudice." *Id*. at 693, 104 S. Ct. at 2067. In the context of a guilty plea:

> A conclusory allegation to the effect that absent the error the movant would have insisted upon a trial is not enough. The movant must allege facts that, if proven, would support a conclusion that the decision to reject the

-4-

plea bargain and go to trial would have been rational, *e.g.*, valid defenses, a pending suppression motion that could undermine the prosecution's case, or the realistic potential for a lower sentence.

*Stiger v. Commonwealth*, 381 S.W.3d 230, 237 (Ky. 2012) (citations and footnote omitted).

Appellate review of the denial of an RCr 11.42 motion is *de novo*. *McGorman*, 489 S.W.3d at 736. Where the trial court does not hold an evidentiary hearing on an RCr 11.42 motion, appellate review is limited to "whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967). An evidentiary hearing is only required "if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001).

In *Cox v. Commonwealth*, No. 2020-CA-0250-MR, 2020 WL 6538807 (Ky.App. Nov. 6, 2020) (unpublished), Cox unsuccessfully appealed the Marion Circuit Court's denial of his RCr 11.42 motion and his motion for an evidentiary hearing relative to 18-CR-00222 and 18-CR-00023. There, Cox offered many of the same arguments he now offers in this appeal, without identifying any specific facts which differ from his Marion Circuit Court cases and his Taylor Circuit Court cases. To the extent that his arguments are duplicative in

all their particulars, the record before us gives us no reason to differ from how we

previously resolved them:

>Turning to the first error Cox alleges on appeal, Cox claims that his trial counsel neglected to reveal to Cox certain recanted witness statements before Cox entered his guilty plea. Because Cox is essentially arguing that his guilty plea was invalid, he "must allege with particularity specific facts which, if true, would render the plea involuntary under the Fourteenth Amendment's Due Process Clause, would render the plea so tainted by counsel's ineffective assistance as to violate the Sixth Amendment, or would otherwise clearly render the plea invalid." *Stiger*, 381 S.W.3d at 234 (emphasis added).

>Here, Cox provides no specific details as to the actual content of either the original testimony or to the claimed recanted testimony. He fails to explain how the claimed recanted testimony rendered his guilty plea involuntary under the Fourteenth Amendment's Due Process Clause, nor does he clarify or give specific facts as to why he would have rejected the plea deal had his trial counsel disclosed the allegedly recanted statements and why such rejection would have been rational. Finally, he fails to allege with particularity why the disclosure of the alleged recanted testimony "would otherwise clearly render the plea invalid." *Id*. Therefore, Cox cannot claim post-conviction relief based on this claim.

>Cox next argues that his counsel was ineffective in failing to file a motion to suppress evidence seized from a location that Cox describes as "Upper 70 Stone Creek Road." We again emphasize that "to be entitled to relief under RCr 11.42, the movant must 'state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds.'" *Roach v. Commonwealth*, 384 S.W.3d 131,

-6-

140 (Ky. 2012) (citation omitted). Moreover, "[c]onclusory allegations that counsel was ineffective without a statement of the facts upon which those allegations are based do not meet the rule's specificity standard and so 'warrant a summary dismissal of the motion.'" *Id*. (citation omitted).

Here, Cox has failed to show any basis upon which his trial counsel could have argued that any evidence resulting from the search of the location should have been suppressed. Cox does not claim, nor does the record reveal, that Cox had any sort of property interest or other type of interest in the Upper 70 Stone Creek Road location to indicate that he would have a reasonable expectation of privacy. *See Watkins v. Commonwealth*, 307 S.W.3d 628, 629-30 (Ky. 2010) (citation omitted) ("[I]n order to have standing [to claim a violation under the Fourth Amendment of the United States Constitution or Section Ten of the Kentucky Constitution], the person claiming must have a 'reasonable expectation of privacy' in the place to be searched."). Because Cox's claim regarding the search of Upper 70 Stone Creek Road lacked the required specificity regarding such expectation of privacy, he cannot obtain post-conviction relief. *Stiger*, 381 S.W.3d at 234.

*Id*. at *2.

Cox next alleges that his trial attorney was ineffective for counseling him to accept a plea deal that violated his constitutional rights against double jeopardy. Cox contends that, in pleading guilty to burglary and receiving stolen property in 18-CR-00125-001, his double jeopardy rights were violated because he was convicted twice for the same conduct. We disagree. It is well-established that

convictions for burglary and receiving stolen property do not violate double jeopardy. *See Phillips v. Commonwealth*, 679 S.W.2d 235, 236-37 (Ky. 1984).

Next, Cox argues his trial attorney was ineffective for failing to file a motion for the trial judge to recuse himself. In support, Cox points out that the trial judge, Hon. Samuel Spalding, was his attorney in 2005 on another criminal matter, and that after that matter concluded, Cox filed an RCr 11.42 motion against Spalding, which was unsuccessful. *See Cox v. Commonwealth*, No. 2009-CA-000237-MR, 2010 WL 3717237 (Ky.App. Sep. 24, 2010) (unpublished). This argument is without merit. First, Cox does not assert that he had ever even advised his counsel that: (1) Judge Spalding had previously represented him; or (2) there was some basis to believe that Judge Spalding would not be impartial. Without having any knowledge of facts, or any basis to believe there were facts that would support a motion to recuse, Cox's counsel cannot be faulted for not filing such a motion. Second, Cox has failed to inform any court of any conduct on Judge Spalding's part which would cause us to question Judge Spalding's impartiality or would have required his mandatory recusal under the Rules of the Supreme Court (SCR) 4.300, Rule 2.7. *Abbott, Inc. v. Guirguis*, 626 S.W.3d 475, 485 (Ky. 2021). Most critically, Cox does not explain how Judge Spalding presiding over his case, or his counsel's failure to make motion to recuse Judge Spalding, caused Cox prejudice. As indicated, the trial court accepted Cox's plea deal with the

-8-

Commonwealth which allowed Cox to avoid any additional jail time, despite his eligibility for additional time under the PFO statute.

Lastly, as Cox did in his appeal of his Marion Circuit Court cases, he challenges the denial of his motion for an evidentiary hearing. We believe our previous reasoning in resolution in those cases is equally appropriate here:

> Cox contends the trial court wrongfully deprived him of an evidentiary hearing. However, he is "not automatically entitled" to such a hearing. *Stanford v. Commonwealth*, 854 S.W.2d 742, 743 (Ky. 1993) (citation omitted). Only if there is "a material issue of fact that cannot be determined on the face of the record" must the trial court allow an evidentiary hearing. *Id.* (citation omitted). As stated by the Kentucky Supreme Court, if the record refutes the claims of error, there is no basis for holding an evidentiary hearing. *Id.* (citing *Glass v. Commonwealth*, 474 S.W.2d 400, 401 (Ky. 1971)). In this case, the trial court correctly determined, based on the record and as previously discussed, that no material issue of fact existed. Thus, we can discern no error in the trial court's decision to not hold an evidentiary hearing in this case.

*Cox*, 2020 WL 6538807, at *3.

Based on the foregoing, we affirm the Taylor Circuit Court's order summarily denying Cox's RCr 11.42 motion for relief from the ineffective assistance of counsel.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Rodger Lee Cox, *pro se*
Eddyville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Robert Baldridge
Assistant Attorney General
Frankfort, Kentucky