**Leslie Leon BEECHAM, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Sept. 21, 1983.

Donna Boyce Proctor, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Virgil W. Webb III, Asst. Atty. Gen., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from an opinion of the Court of Appeals which affirmed an order of the circuit court overruling Beecham's RCr 11.42 motion to vacate judgment.

The issues presented are that Beecham was denied due process of law because the trial court failed to appoint counsel to represent him in connection with the RCr 11.42 motion, that it was error to overrule his RCr 11.42 motion because his plea of guilty was not voluntarily, knowingly and intelligently made, and that it was error to overrule his motion to vacate judgment without conducting an evidentiary hearing.

Beecham was indicted in 1976 on two counts of murder, three counts of robbery, two counts of first-degree assault and one count of criminal intent to commit robbery.

On the morning of the trial, he entered a guilty plea to the murder and robbery charges. The remaining offenses were filed away. Judgment was entered on June 24, 1977, and he was sentenced to two consecutive twenty-five year terms for the murders and two concurrent twenty year terms on the robbery charges. In 1981, he filed a pro se motion to vacate judgment which was overruled without an evidentiary hearing or appointment of counsel. He appealed to the Court of Appeals which affirmed the decision of the circuit court. In 1982, he filed a pro se motion for discretionary review in this Court which was granted.

This Court affirms the decision of the Court of Appeals and the order of the circuit court because the trial judge was not required to appoint counsel to represent Beecham in the RCr 11.42 proceedings.

■ Beecham contends that he requested counsel when he signed an affidavit of indigency which was attached to his motion for vacation of judgment pursuant to RCr 11.-42. We disagree. Beecham concedes that his request for counsel was "somewhat obscure." The motion filed with the trial court specifically requested an evidentiary hearing, but there was no request contained in the motion that counsel be appointed at the hearing. The mimeographed form affidavit of indigency, contains a statement that the movant does not have private counsel and then in a later phrase requests counsel. It is clear from a careful examination of the motion that there was no specific request for counsel. Therefore, the trial court had no notice that Beecham desired counsel. The trial court was not required to automatically appoint counsel for an evidentiary hearing or to scour the record for a collateral request.

■ Pro se pleadings are not required to meet the standard of those applied to legal counsel. This Court has also determined that pro se pleadings must give at least fair notice of the claim for relief to be sufficient. *Miller v. Commonwealth*, Ky., 416 S.W.2d 358 (1967). In this case, there was no clear request for counsel.

■ Nothing in RCr 11.42(5) requires that counsel be automatically appointed whether a request is made or not. The trial court is required to appoint counsel only upon request. *Commonwealth v. Ivey*, Ky., 599 S.W.2d 456 (1980).

■ When this case was before the Court of Appeals, the first very general reference to the alleged failure of the trial court to conduct an evidentiary hearing or appoint counsel was raised in the reply brief. The Court of Appeals determined that there was no error because of a failure to appoint counsel because no request was made for such an appointment. It is only before this Court that the question of interpretation of the affidavit of indigency was raised. This is a situation that was not properly preserved before the Court of Appeals and obviously not before the trial court. Such an issue cannot be raised for the first time on appeal. It is purely collateral and hypertechnical as a careful examination of the entire record indicates.

■ A detailed examination of the record indicates that Beecham's guilty plea was entered knowingly, intelligently and voluntarily. The record clearly demonstrates that the trial court originally determined the plea was voluntary through a hearing at which appellant was represented by counsel. Beecham was fully informed of all his rights and the rights he would be waiving by entering the guilty plea. The trial court complied with its duty to review the motion and to examine the record to determine whether the Court originally acted incorrectly. *Lynch v. Commonwealth*, Ky. App., 610 S.W.2d 902 (1980). The trial judge properly overruled the RCr 11.42 motion without holding an evidentiary hearing.

■ The record indicates that the prosecution had a substantial amount of evidence of Beecham's guilt as to all the charges to which he pled guilty. The record further demonstrates that his trial counsel was dedicated and very interested in achieving the best possible result for his client. It is well established that the advice by a lawyer for

a client to plead guilty is not an indication of any degree of ineffective assistance. *Glass v. Commonwealth,* Ky., 474 S.W.2d 400 (1971).

It is the holding of this Court that a request for counsel by an indigent defendant must be clear and unambiguous and contained in the body of the RCr 11.42 motion. There is no automatic duty on a trial court to appoint counsel on its own motion.

In this case, no prejudice of any sort arises because the examination of the entire record indicates that there is absolutely no basis upon which to grant an RCr 11.42 motion.

The judgment is affirmed.

All concur.