RENDERED: AUGUST 25, 2016
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2015-SC-000385-MR

BRYAN RUSSELL        APPELLANT

|  | ON APPEAL FROM CAMPBELL CIRCUIT COURT |
|---|---|
| V. | HONORABLE JULIE REINHARDT WARD, JUDGE |
|  | CASE NUMBERS 14-CR-00444, 14-CR-00758 |
|  | AND 14-CR-00830 |

COMMONWEALTH OF KENTUCKY        APPELLEE

**OPINION OF THE COURT BY JUSTICE NOBLE**

**<u>AFFIRMING</u>**

After entering a guilty plea, the Appellant, Bryan Russell, sent a letter to the trial court complaining about the effectiveness of his counsel and the legality of the sentence to which he had agreed. The letter did not specifically ask for any relief, such as the setting aside of Russell's plea. The primary issue in this case is whether Russell's letter was sufficient to constitute a pro se motion to withdraw his guilty plea under Criminal Rule 8.10. Resolution of that issue turns primarily on whether the letter "set[s] forth the relief or order sought" as required under Criminal Rule 8.14. Although pro se litigants are not held to the same standards as counsel, this Court nonetheless holds that because Russell's letter did not expressly ask for any relief, much less ask to withdraw his guilty plea, it cannot be construed as a motion under Criminal Rule 8.14. Therefore, this court affirms the Campbell Circuit Court judgment.

# I. Background

Russell was indicted for various charges on three separate occasions from June to October 2014. He was appointed a DPA attorney, who entered an appearance in all three cases and represented Russell throughout the proceedings. Rather than proceeding to trial, the Commonwealth and Russell resolved all three cases by entering into a plea agreement under which Russell would be sentenced to a total of 30 years' imprisonment (a pair of 10-year concurrent terms to be served consecutively to a 20-year term). On April 13, 2015, after engaging in the plea colloquy required by *Boykin v. Alabama*, 395 U.S. 238 (1969), the trial court accepted Russell's guilty pleas, and set sentencing for May 18, 2015. At the sentencing hearing, the trial court once again went over the terms of the plea agreement in great detail, to which Russell responded that he understood and agreed to the terms of the plea. The final judgments in these cases were signed the next day.

Within a few days of the sentencing hearing,[1] Russell wrote a letter to the trial court complaining about the adequacy of his legal representation and claiming that he had misunderstood the terms of the plea agreement. The trial record indicates that Russell's letter was filed on June 1, 2015, and was marked as "Letter in ref to appeal" on the step sheet (i.e., the index of documents in the clerk's file).

---

[1] Russell claims in his brief that he wrote the letter on May 19, but the letter is dated May 22.

2

Relevant to the issue before this Court are the following statements contained in the letter:[2]

I am writing to you in regards to my sentence/case. I want to know what i must do to first apply and recive an appeallett lawyer cause i cant afford private council and what happens from there? My reasons for the appeal are that one—my public defender came to see me "2" times in the 9½ months i've been here in jail fighting these charges and two—it has come to my attention that no "class D" sentence shall exceed a 20 year sentence term. Mine is 30, and on top of this i just don't feel i had a lawyer whom had my best interests in mind. I was under the assumption that the burglary and robbery had to run together—concurrently but for some reason the few times i spoke to [my lawyer] he told me that isint so and that there was no way i could reach a 20 year sentence at 20%. ... And i don't know why my P.S.I. has my risk level so high, ive kept a job and completed H.I.P and M.R.S. While out, i guess i had missed putting all of my work history in. But i do understand the severity and what my past charges makes me look like. But please your honor, please belive me when i say i am not a monster, i do not and have not physically harmed anyone thru any of my mistakes. And not to make that sound as a excuse i deserved the sentences that i got and did for my sins. ... Honestly off of the drugs ive never committed a crime your honor, and even though i have made the mistake of using again and stealing again i still deserved a lawyer who was working for me. I am just 31 years old ... i realize i defintly deserve some time but 30?, i wouldnt even be writing if id got the 20 i pleaded and begged for. ... But anyways i want to appeal my case due to insufficient counsil based off his lack of work, his contact with me in 9½ months—twice!—and how he apparently allowed me to plead guilty to a sentence improperly stacked/imposed—again, i belive no "class D" sentence shall exceed 20 years, mine is 30 at 20%. Thank you so much for your time and consideration .... Again it does bother me that that P.S.I. make me sound like a monster, it cant possibly help the parole board do anything but flop me over + over even though i guarantee i will see them with all they recommend completed and not 1 write up. I guess only time will tell but that's exactly why im trying to get at least a sentence reduction.

---

[2] The quote from the letter is copied verbatim from Russell's letter to the court. Grammatical and spelling errors are left unchanged and are not noted by the usual "[*sic*]" notation.

The trial court took no action with respect to the letter. The final judgments were entered by the clerk on June 2, 2015. Russell appealed to this Court as a matter of right.

## II. Analysis

On appeal, Russell argues that his letter to the trial court should have been considered a pro se motion to withdraw his plea under Criminal Rule 8.10. He further contends that the substance of the letter put the trial court on notice that his guilty plea was entered into involuntarily as a result of ineffective assistance of counsel, and that he was thus entitled to an evidentiary hearing.

A guilty plea is valid only if it is entered knowingly, intelligently, and voluntarily. *Boykin v. Alabama,* 395 U.S. 238 (1969); *Bronk v. Commonwealth,* 58 S.W.3d 482, 486 (Ky. 2001). Under Criminal Rule 8.10, a defendant may move to withdraw a plea and "at any time before judgment the court may permit the plea of guilty . . . to be withdrawn and a plea of not guilty substituted." If a Criminal Rule 8.10 motion alleges that the plea was not entered into knowingly, intelligently, or voluntarily, then the defendant is entitled to an evidentiary hearing to determine the validity of the plea. *Edmonds v. Commonwealth,* 189 S.W.3d 558, 566 (Ky. 2006); *Rodriguez v. Commonwealth,* 87 S.W.3d 8, 11 (Ky. 2002). However, according to the Criminal Rules, an allegation that the plea was not entered knowingly, intelligently, or voluntarily, must be asserted in a proper motion. *Commonwealth v. Tigue,* 459 S.W.3d 372, 386–387 (Ky. 2015). Our initial task, then, is determining whether Russell's letter was a proper motion.

4

## A. Russell's letter did not set forth the relief requested, and therefore, the letter cannot be construed as a pro se motion under Criminal Rule 8.14.

Whether a filing constitutes a valid motion is controlled by Criminal Rule 8.14, which states that "an application to the court for an order shall be by motion which shall be in writing unless made during a hearing or trial, shall state with particularity the grounds therefor, *and shall set forth the relief or order sought.*" (Emphasis added.) The trial court never made an explicit determination as to whether the letter was a motion, but its decision not to address it at all suggests that it believed the letter was but a letter. Regardless, whether a defendant made a proper motion under Criminal Rule 8.14 is a question of law reviewed de novo.

Russell's letter was not a formal motion by any means. But a letter to the court may be construed as a pro se motion if it complies with Criminal Rule 8.14. *Tigue,* 459 S.W.3d at 386–87. Additionally, this Court has recognized that pro se litigants are entitled some leniency. *Beecham v. Commonwealth,* 657 S.W.2d 234, 236 (Ky. 1983). As this Court stated in *Beecham,* "Pro se pleadings are not required to meet the standard of those applied to legal counsel." *Id.* Nonetheless, pro se pleadings still "*must give at least fair notice of the claim for relief to be sufficient.*" *Id.* (emphasis added).

Although Russell contends that his letter to the trial court was a motion to withdraw his plea, he has offered no support that his letter gave the trial court fair notice of the claim for relief, i.e., that he wished to withdraw his plea of guilty. In fact, the letter contains no express request for relief and consists

5

primarily of complaints about the quality of the lawyer and his claimed misunderstanding of his plea agreement.

Upon close examination of the letter, the letter could be construed as implicitly requesting a sentence reduction or guidance for how to proceed with an appeal from final judgment. Specifically, the statements, "i want to appeal my case due to insufficient counsil"; "I want to know what i must do to first apply and recive an appeallett lawyer"; "im trying to get at least a sentence reduction"; and "i wouldnt even be writing if id got the 20 i pleaded and begged for," relate to these subjects. But neither of those subjects has anything to do with Russell withdrawing his guilty plea. Thus, this Court is convinced that Russell did not intend for his letter to be construed as a motion to withdraw his plea under Criminal Rule 8.10. Even if that was his intent, nothing in his letter evinces it.

This conclusion becomes even more apparent when compared to *Commonwealth v. Tigue.* In *Tigue,* this Court held that a defendant's letter could be construed as a pro se motion to withdraw a plea under Criminal Rule 8.10 and in compliance with the requirements of Criminal Rule 8.14, because the defendant had also made a "clear and unambiguous" oral request to withdraw his plea. 459 S.W.3d at 386–387. The oral statement in combination with letters to the court provided fair notice of his claim for relief. *Id.*

The facts of *Tigue* are distinguishable from the facts in this case. In that case, the defendant, Tigue, pleaded guilty to criminal charges after the *Boykin* colloquy at trial. But unlike Russell, Tigue unequivocally attempted to withdraw his plea through numerous channels after pleading guilty. *Id.* at 387.

For instance, immediately after Tigue entered into the plea agreement (1) he contacted friends and family members notifying them that he wished to withdraw his guilty plea, (2) his friends and family wrote several letters to the judge to ask the court to allow him to withdraw his plea, (3) he unsuccessfully attempted to contact his attorneys on multiple occasions to ask for their assistance in withdrawing his guilty plea, and (4) at sentencing, Tigue orally asked the court to allow him to withdraw his guilty plea. *Id.* Although the trial court denied his request to withdraw his guilty plea on the ground that no proper Criminal Rule 8.10 motion was made, this Court reversed because Tigue's clear and unambiguous request to withdraw his guilty plea adequately "set forth the relief sought." *Id.*

In this case, Russell did not clearly and unambiguously ask to withdraw his guilty plea either in his letter to the court or by any other potential methods like those utilized by Tigue. Therefore, unlike in *Tigue*, this Court agrees with the Commonwealth that Russell's letter was not a motion under Criminal Rule 8.14. For that reason alone, Russell's conviction on his plea of guilty must be affirmed.

## B. Russell's letter did not allege that he entered into the plea involuntarily, and therefore he was not entitled to an evidentiary hearing.

As a secondary claim, Russell also argues that he was entitled to an evidentiary hearing to determine the validity of his plea. Even if his letter could be construed as a proper motion, Russell still would not be entitled to relief because the letter also does not allege that Russell entered into the plea agreement involuntarily. Russell argues that the trial court was put on notice

7

about the validity of his plea—i.e., that the plea was not entered into voluntarily, knowingly, or intelligently—and therefore, that he was entitled to an evidentiary hearing. This argument fails because the letter did not put the trial court on notice that Russell claimed that his plea was involuntarily entered.

As the Commonwealth correctly asserts, a criminal defendant is only entitled to an evidentiary hearing on a motion to withdraw a guilty plea when "it is alleged that the plea was entered involuntarily." *Edmonds*, 189 S.W.3d at 566 (citing *Rodriguez*, 87 S.W.3d at 10). In the present case, Russell's letter to the court made no allegation that he entered into the plea agreement involuntarily. The Commonwealth is correct that Russell's letter did not make a claim that his guilty plea was the product of duress or coercion, *see Adams v. Tuggle*, 189 S.W.2d 601 (Ky. 1945) (recognizing that duress or coercion would be evidence of involuntariness), or that Russell was unaware of the direct consequences of his plea, *see Edmonds*, 189 S.W.3d at 566 (recognizing a plea is involuntary if the defendant lacked full awareness of the direct consequences).

Russell's claim in this regard appears to be based on his statements in the letter that he had since learned that his sentence was illegal and that he did not get the sentence he had wanted. First, neither of these claims show the unintelligence or involuntariness of his plea. That he came to the belief, after the fact, that his sentence was illegal does not change his conduct or his state of mind at the time he entered the plea. That he did not get the sentence he

8

first requested also does not mean that the sentence he eventually agreed to was part of an involuntary or unintelligent plea.

Moreover, to the extent that it could even be inferred from his letter that he was confused about his sentence at the time of his plea, that claim is belied by what actually happened during the trial court's proceedings. A close review of the trial record reveals that Russell both affirmed that he entered into the agreement voluntarily and that the judge apprised him of the consequences of the plea agreement on two separate occasions. First, on April 13, 2015, when Russell entered his plea, the trial court engaged in a lengthy *Boykin* colloquy explaining the terms of the plea deal, namely that the ten-year sentences would run concurrently with each other but consecutively to the twenty-year sentence for a total of thirty years to serve. Also on that date, Russell signed the plea documents clearly stating the terms of his plea deal, including a total sentence of 30 years, which again was the product of his ten-year sentences being run consecutively to his twenty-year sentence. Second, on May 18, 2015, at the sentencing hearing, the trial judge once again went over the plain terms of the plea deal in great detail, to which Russell responded that he understood and agreed to the terms. All of the aforementioned case history supports this Court's opinion that the trial court had no notice that Russell entered the plea agreement involuntarily, as he is now claiming on this appeal.

### III. Conclusion

In conclusion, this Court holds that Russell's letter did not adequately set forth the relief requested and therefore cannot be construed as a motion under Criminal Rule 8.14. Consequently, his letter to the trial court was not a

9

pro se motion to withdraw his guilty plea under Criminal Rule 8.10. Alternatively, the letter did not contain any language that should have put the trial court on notice that the plea was entered into involuntarily. As a result, no evidentiary hearing to determine the validity of his plea was required. Therefore, this court affirms the judgment of the Campbell Circuit Court.

All sitting. Minton, C.J.; Hughes, Keller, Venters and Wright, JJ., concur. Cunningham, J., concurs in result by separate opinion.

CUNNINGHAM, J., CONCURRING IN RESULT: I believe that inmate Russell's letter was sufficiently clear and complete to constitute a valid motion under Criminal Rule 8.14. The majority correctly notes that pro se litigants are not required to comply with strict rules of drafting. A liberal access to the courts has especially been granted to incarcerated petitioners. *E.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972). To me—one who has fielded repeated inmate pleadings over the years in a prison jurisdiction—the Appellant clearly got in the ball park of a prayer for relief. The average judge can easily read his letter and ascertain that (1) he wants counsel appointed; (2) he wants to appeal (3) he expresses confusion about his understanding of the sentence and thus is clumsily asking that his plea be set aside; and (4) he makes it clear he claims his counsel is ineffective. No one can read his letter without fully understanding his grievance and the relief sought. However, even if the trial judge considered the letter as a motion to withdraw his plea under RCr 8.14, it is doubtful he would have been entitled to a hearing. Because the guilty plea colloquy was thorough, the motion would have been properly denied without a hearing.

10

For the foregoing reasons, I concur in result.

COUNSEL FOR APPELLANT:

Julia Karol Pearson
Assistant Public Advocate
Department of Public Advocacy
5 Mill Creek Park, Section 100
Frankfort, Kentucky 40601


COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General

John Paul Varo
Assistant Attorney General
Office of Criminal Appeals
Office of the Attorney General, Suite 200
1024 Capital Center Drive
Frankfort, Kentucky 40601