RENDERED:  OCTOBER 8, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1311-MR

DONALD LYNCH                                           APPELLANT

v.                   APPEAL FROM PULASKI CIRCUIT COURT
HONORABLE JERRY J. COX, JUDGE
ACTION NO. 99-CR-00152

COMMONWEALTH OF KENTUCKY                        APPELLEE

OPINION
VACATING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

CALDWELL, JUDGE:  Donald Lynch has appealed from the trial court's entry of

an order denying him Kentucky Rules of Civil Procedure (CR) 60.02 relief after

Lynch, convicted of murder and serving a life sentence, sent copies of a letter to

multiple officials in all three branches of government seeking advice upon being

denied parole.  He argues the trial court improperly considered his letter seeking

advice as a motion for relief pursuant to CR 60.02 and the Commonwealth agrees. We agree, as well, and vacate the order of the Pulaski Circuit Court.

## **FACTS**

In 2000, Lynch was found guilty of murder and was sentenced to life imprisonment.[1] Per Kentucky Revised Statute (KRS) 439.3401(2), a person serving a life sentence is eligible for parole after serving twenty (20) years of the sentence. Thus, having been credited for time served before his conviction, Lynch went before the Parole Board for consideration for the first time in 2019. The Parole Board deferred parole consideration for an additional ten (10) years.

Lynch was understandably upset by the decision and felt that the Board failed to give due consideration to his explanation of the death of the victim. Lynch wrote a three-page letter outlining his version of the crime, which included malfeasance on the part of investigators of the offense and articulated his disagreement with the Board's determination. He sent this letter to various officials in the judicial branch, the Department of Public Advocacy, and other attorneys and officials in Pulaski County, hoping for some assistance or advice

---

[1] His conviction was affirmed by the Kentucky Supreme Court on direct appeal in 2002 in No. 2000-SC-1049-MR, denial of post-conviction relief was affirmed by this Court in No. 2002-CA-2218-MR, and discretionary review of that determination was denied by the Kentucky Supreme Court in No. 2004-SC-0498-MR.

from a recipient. One of the copies was addressed to District Court Judge Kathryn Wood. None of the letters was addressed to the Pulaski Circuit Court.

The letter addressed to Judge Wood somehow made it into the hands of Pulaski Circuit Judge Jerry Cox. Judge Cox entered an order construing the letter as a request for relief under CR 60.02. In part, Judge Cox held:

> CR 60.02 is not intended as an additional, belated opportunity to raise issues which could have been raised prior to judgment; [sic] rather, it is for extraordinary relief that [sic] not otherwise available by direct appeal and or [sic] a motion under RCr 11.42 to vacate, set aside, or correct [sic] sentence. Moreover, one of the chief factors with respect to the availability of CR 60.02 relief is the inability of the moving party to assert his claim prior to the entry of the order from [sic] he seeks relief. All of Lynch's claims to relief as stated in his letter are claims that should have and could have been raised during the regular course of proceedings. Lynch's Motion is OVERRULED.

Lynch appealed the order, arguing that he had not requested CR 60.02 relief, and the Commonwealth concurs that the Pulaski Circuit Court inappropriately considered the letter a motion. We agree with the parties and vacate.

## STANDARD OF REVIEW

At issue here is a question of law, concerning whether the jurisdiction of the court has been properly engaged. Therefore, the review is *de novo*. *Russell v. Commonwealth*, 495 S.W.3d 680, 683 (Ky. 2016).

-3-

## ANALYSIS

As Lynch points out, for a court to consider a filing of any sort to be a motion, that filing must meet the requirements of Kentucky Rules of Criminal Procedure (RCr) 8.14. Arguably, the letter in the present matter is not even a "filing" since the record contains no indication that it was sent to the Pulaski Circuit Clerk for filing. When he sought to appeal the order entered by the Pulaski Circuit Court which is the subject of this appeal, Lynch knew to file his notice of appeal with the clerk, so we posit that if he had intended to "file" the letter seeking relief, he would have done so. The letter was not a "filing."

Further, the letter does not meet the minimal requirements to be properly considered a motion: "An application to the court for an order shall be by motion which shall be in writing unless made during a hearing or trial, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."[2] The letter neither stated grounds nor sought relief. It was not a motion and it was error for the Pulaski Circuit Court to consider it to be one.

Caselaw compels us to vacate the order. As pointed out by the Commonwealth, the Kentucky Supreme Court has held, "[A]n *ex parte* letter to a judge is not a substitute for a properly presented motion." *Dillingham v. Commonwealth*, 995 S.W.2d 377, 381 (Ky. 1999). In limited circumstances, a

---

[2] RCr 8.14.

-4-

court can consider a letter to be a motion, but in order to properly do so, the letter must state grounds and ask for relief, in conformance with RCr 8.14. Lynch cites to *Russell v. Commonwealth*, arguing that there must be some compliance with the rule, even for *pro se* litigants, for a writing to be considered a motion.

> Russell's letter was not a formal motion by any means. But a letter to the court may be construed as a *pro se* motion if it complies with Criminal Rule 8.14. [*Commonwealth v.*] *Tigue*, 459 S.W.3d [372], 386-87 (Ky. 2015). Additionally, this Court has recognized that pro se litigants are entitled some leniency. *Beecham v. Commonwealth*, 657 S.W.2d 234, 236 (Ky. 1983). As this Court stated in *Beecham*, "[p]ro se pleadings are not required to meet the standard of those applied to legal counsel." *Id.* Nonetheless, pro se pleadings still "*must give at least fair notice of the claim for relief to be sufficient.*" *Id.* (emphasis added).

*Russell*, 495 S.W.3d at 683.

While courts may grant grace to *pro se* litigants and consider a writing to be a motion, there must be at least a nod towards the rules, at least a request for relief. No request for relief is found in Lynch's letter. It was not a motion and the trial court was without authority to consider it so.

## **CONCLUSION**

We find the trial court erred in construing Mr. Lynch's letter as a motion and entering an order. The order is vacated.

ALL CONCUR.

BRIEF FOR APPELLANT:

Donald Lynch, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

E. Bedelle Lucas
Assistant Attorney General
Frankfort, Kentucky