RENDERED:  SEPTEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0101-MR

RONNY D. WALKER, SR.                                                    APPELLANT


APPEAL FROM FRANKLIN CIRCUIT COURT
v.          HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 19-CI-01263


KATHLEEN KENNEY                                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  JONES, MAZE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Ronny D. Walker, Sr., *pro se*, bring this appeal from a

September 22, 2020, Order, of the Franklin Circuit Court dismissing his Petition

for Declaration of Rights relating to his institutional inmate financial account.  We

affirm.

Walker is currently an inmate at the Western Kentucky Correctional

Complex in Fredonia, Kentucky.  This appeal arises from two grievances he filed

relating to his inmate financial account. The first involves the Northpoint Training Center's (NTC) deduction of $46.80 from his account to satisfy a lien for copy charges incurred by Walker at the Eastern Kentucky Correctional Complex (EKCC), where he was previously housed. The second involves the denial of Walker's request to transfer money from his inmate account to a personal bank account he maintained outside the institution.

Regarding the first grievance, on June 18, 2018, Walker submitted an "Inmate Account Problem" form in which he claimed $46.80 was taken out of his institutional account for copy fees he did not owe. A day later, he received a response stating there was no error and the $46.80 was deducted from his account per the Department of Corrections' Policies and Procedures (CPP) 15.7 when he made a deposit.[1] The response explained the deduction was for a copy lien placed on his account while he was at EKCC.

Unsatisfied with the response, Walker filed grievance 18-340 on June 29, 2018, claiming he had previously paid all fees for which liens had been imposed. The grievance was denied by NTC at the informal resolution stage for the same reasons. He then appealed to NTC's grievance committee, which investigated the matter and unanimously agreed with the informal resolution.

---

[1] Specifically, Department of Corrections Policies and Procedures 15.7(II)(D)(1) states that "[i]f an inmate owes the institution money or restitution, incoming funds to the inmate's account shall be applied to outstanding debts or freezes."

Walker then appealed to the warden, who concurred with the informal resolution and the grievance committee's decision. Finally, Walker appealed to the commissioner of the Department of Corrections, who also agreed with NTC's resolution of the grievance.

Walker followed a similar process regarding his second grievance[2] in which he contested the warden's August 21, 2019, denial of his request to transfer $10 from his institutional account to a personal bank account he maintained outside the institution. This outside account was subject to certain maintenance fees. Walker requested the transfer to avoid a negative balance in the outside account. By this time, Walker was housed at the Luther Luckett Correctional Complex (LLCC).

Walker's request was denied.[3] It was explained to Walker during the grievance process that pursuant to CPP 15.7, only the warden can authorize money to be sent out of the facility beyond the reasons listed in CPP 15.7(II)(B), which states in relevant part:

---

[2] Ronny D. Walker, Sr.'s, second grievance was assigned number 19-626.

[3] The resolution of Walker's second grievance concluded with Commissioner Kathleen Kenney's October 28, 2019, letter in which she determined that Luther Luckett Correctional Complex had complied with Department of Corrections Policies and Procedures 15.7 in denying his request to transfer money outside the institution. At some point during the resolution of Walker's second grievance, Walker also complained that the warden never returned his bank book. The commissioner explained that if Walker believed the warden failed to return his bank book, he would need to file a separate grievance.

2.  Money of any dollar amount shall not be sent outside the institution except for:

    a.  Purchase of authorized items or periodicals from vendors approved by the Department;

    b.  Payment of restitution, child support, Crime Victim's compensation or other court-ordered deductions or fees; or

    c.  An exception approved by the warden or designee on a case-by-case basis.

Walker then filed a Petition for Declaration of Rights in Franklin Circuit Court on December 27, 2019.  He filed the Petition against Respondents Kathleen Kenney and Scott Jordan.  Kenney was the commissioner of the Kentucky Department of Corrections, and Jordan was the warden of LLCC.  In his Petition, Walker alleged, among other things:[4]

> On the 3 day of 2019, the Petitioner was found guilty of the following offenses as a prison disciplinary hearing: LLCC:  Grievance #19-626: N.T.C. #018-340:
>
> . . .
>
> Petitioner:  Amount Due-0-Balances Dee/?

Walker requested the following relief:

> I am requesting for Inmate accounts to place the money back into my account and abide?  Corrections Policy and procedure, KOMS automatically deducts from three, institution EKCC, Northpoint, LLCC: Deposits money

---

[4] Our quotations from Walker's Petition for Declaration of Rights reflect the language and punctuation used by Walker in his Petition.

back that they taking more money than what they were
required to take. I Need my back into my
"COMMERCIAL BANK_WEST LIBERTY" My
Savings?

Attached to his Petition were copies of his grievances and the responses to them.

Kenney and Jordan responded to the Petition with a motion to dismiss
pursuant to Kentucky Rule of Civil Procedure (CR) 12.02. They argued Walker's
Petition should be dismissed because it failed to state a claim or, alternatively,
because they responded properly to his grievances. They further argued Walker
failed to provide evidence that the $46.80 deduction from his account was
somehow improper.

On March 11, 2020, the circuit court entered an order holding the
motion to dismiss in abeyance for sixty days to provide Walker an opportunity to
amend his Petition and to submit evidence showing he had previously paid off the
copy lien, as he claimed. In response, Walker made two filings, both of which are
essentially incomprehensible. Specifically, on March 23, 2020, Walker filed a
"Motion." Attached to his filing are approximately eighty pages of documents,
including account statements, correspondence, fee statements, unrelated court
documents, and documents relating to a copyright claim. Walker then filed an
"Order" on May 14, 2020.

In its September 22, 2020, Order, the circuit court granted Kenney's
and Jordan's motion to dismiss. It found that Walker's request to send money

-5-

outside the facility was properly denied pursuant to CPP 15.7.  It further found that while some of Walker's records evidenced deductions for copy fees, none showed that the copy charges were duplicative or that the deductions were for previously satisfied liens.  The circuit court ruled that Walker failed to plead sufficient facts to prevent his Petition from being dismissed.

Walker then filed a "Motion Cases History" on October 1, 2020.  The circuit court construed Walker's filing as a motion to alter, amend, or vacate under CR 59.05 and subsequently denied Walker's motion in an Order entered on November 24, 2020.  This appeal follows.[5]

Before we consider the merits of this appeal, we are compelled to address deficiencies in Walker's brief.[6]  While these deficiencies were not brought to our attention by Kenney, we find Walker's failure to conform to CR 76.12 difficult to ignore.

For example, while Walker attempted to provide a statement of points and authorities as required by CR 76.12(4)(c)(iii), we are unable to decipher from Walker's statement any argument relating to this appeal.[7]  Similarly, Walker

---

[5] In his notice of appeal, Walker named only "Kathleen Kenney, et al." as an appellee.

[6] Walker titled his Appellant's brief "Brief for Commonwealth."

[7] Specifically, for Walker's statement of points and authorities, which he states is his "counterstatement" of points and authorities, Walker lists three arguments.  Walker's arguments, which we quote using the language and punctuation he uses in his Appellant's brief, are as follows:

attempted to provide a statement of the case, but his statement fails to include a chronological summary of the facts and procedural events necessary for this Court to understand the issues presented, and it does not contain a single reference to the record in this appeal.[8] CR 76.12(4)(c)(iv). Importantly, Walker failed to identify anything in the record supporting his claim that he had already paid the $46.80 that was deducted from his institutional account. Walker's brief also contains no substantive argument conforming to his statement of points and authorities.[9] CR 76.12(4)(c)(v). In addition, the argument in Walker's brief fails to reference the record, fails to cite any relevant authority, and fails to show whether the issues he argued were preserved for our review. *See id.*

---

I. Walker's Amended Complaint (Doc. # 10) is DISMISSED WITH PREJUDICE; Walker v. Commonwealth, 349 S.W.3d 307, 309 (Ky. 2022),

II. Kentucky Court of Appeals, Judge Phillips of the Morgan Circuit Court, and Kathy Litteral, Warden of EKCC. Id. at 1-2., CR 60.02; motion.

III. (Doc. # 10 at 2-4). For relief, Walker asks the Court to vacate the judgment against him, and to strike "the appellee brief". No. 16-CI-47 (Morgan. Cir Ct. 2016) .(CRIMINAL ACTION NO. 0:16-cr . . . HRW;)[.]

[8] Walker's statement of the case, which he states is his "counterstatement" of the case, consists of six pages of mostly unintelligible information relating to his conviction.

[9] Walker's argument is found on page 7 of his brief. The only argument listed by Walker in the argument section of his brief is titled: "THE TRIAL COURT PROPERLY DENIED WALKER"S CR 60.02 MOTION." This argument is not listed in his statement of points and authorities, and there is no Kentucky Rules of Civil Procedure (CR) 60.02 motion at issue in this appeal.

These are just some of Walker's failures to comply with CR 76.12. Walker's brief is functionally equivalent to not filing a brief at all, and we would be well within our discretion to strike his brief and to dismiss this appeal. CR 76.12(8)(a); CR 73.02(2)(a); *Commonwealth v. Roth*, 567 S.W.3d 591, 595 (Ky. 2019). We recognize, however, that Walker is proceeding in this appeal *pro se* and have elected not to strike his brief and have otherwise afforded him substantial leniency in attempting to discern the issues and arguments raised on appeal. *Beechman v. Commonwealth*, 657 S.W.2d 234, 236 (Ky. 1983).[10] We have, therefore, reviewed the record on appeal in order to ascertain the relevant facts and to address the issues raised by Walker as fully as possible, given the limitations that are created as a result of Walker's incomprehensible briefs. We continue with our review and analysis accordingly.

CR 12.02 provides in relevant part that "[i]f, on a motion asserting the defense that the pleading fails to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided

---

[10] We note that Walker initially tendered his brief on April 1, 2021. It was returned by the Clerk of Court because it was deficient. Walker was informed of the ways his brief was deficient. Walker also tendered documents to the Clerk on April 26, 2021, that failed to comply with CR 76.12 and could not be filed as his Appellant's brief. In an Order entered April 28, 2021, Walker was ordered to show cause why his appeal should not be dismissed because of his failures to file a brief that substantially complied with CR 76.12. Walker responded, stating he had insufficient access to the institution's law library due to COVID-19 restrictions. Walker also twice requested additional time to file his Appellant's brief, and additional time was granted.

in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *See also D.F. Bailey, Inc., v. GRW Engineers, Inc.*, 350 S.W.3d 818, 821 (Ky. App. 2011) ("However, reliance on matters outside the pleadings by the court effectively converts a motion to dismiss into a motion for summary judgment.") (citations omitted).

As stated above, Walker attached to his Petition documents relating to his grievances. Also, in response to Kenney's and Jordan's motion to dismiss for failure to state a claim, the circuit court gave Walker an additional sixty days to present material evidencing that he had already paid the $46.80 at issue here. It is clear from the circuit court's September 22, 2020, Order that it considered all documents submitted by Walker in making its ruling, effectively converting the motion to dismiss into a motion for summary judgment. We, therefore, review the circuit court's order as one granting summary judgment.

An appellate court's standard of review for a grant of summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law." CR 56.03. The record must be viewed in a light most favorable to the non-moving party, and all doubts are to be resolved in its favor. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001).

We first address Walker's argument that NTC improperly deducted $46.80 from his institutional account to satisfy a lien placed on his account for copy charges he incurred while incarcerated at EKCC. Walker's argument, as we glean from his *pro se* brief, is that the institution's deduction of $46.80 from his account was improper because he previously paid for those copy charges. According to Walker, this may have resulted from a "balance" being miscategorized.

"[A] party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Steelvest, Inc.*, 807 S.W.2d at 482. Here, having reviewed the record on appeal, we note that Walker failed to cite to any documents in the record evidencing that he previously paid for these copy charges, and we, therefore, conclude that the circuit court did not err in

dismissing his claim. Walker failed to present evidence showing there is a genuine issue of material fact regarding the claims asserted below.

We next address the denial of Walker's request to transfer $10 from his institutional account to his outside bank account to pay bank fees. We recently addressed CPP 15.7's transfer limitations in *Hopkins v. Smith*, 592 S.W.3d 319 (Ky. App. 2019). Like Walker here, the inmate in *Hopkins* challenged the limitations placed upon an inmate's ability to transfer money outside the institution. *See id.* In upholding the institution's actions, we explained the highly deferential standard of review that applies:

> Courts generally give "deference and flexibility" to prison officials "in the fine-tuning of the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 482-83, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995) (citations omitted). Thus, though "prisoners do not shed all constitutional rights at the prison gate," incarceration inherently limits a prisoner's rights. *Id*. at 485, 115 S. Ct. 2293 (citations omitted). To set forth an actionable violation of a liberty interest protected by the Due Process Clause, a prisoner must show that the challenged institutional action "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484, 115 S. Ct. 2293. In short, "a highly deferential standard of judicial review is constitutionally appropriate with respect to both the factfinding that underlies prison disciplinary decisions and the construction of prison regulations." *Smith v. O'Dea*, 939 S.W.2d 353, 357 (Ky. App. 1997).

*Hopkins*, 592 S.W.3d at 322.

Here, as the trial court correctly found, Walker's request to transfer money did not fit into either of the two categories of approved transfers stated in CPP 15.7(II)(B)(2)(a) and (b), and the warden declined to make an exception, as provided in CPP 15.7(II)(B)(2)(c).[11] The denial of Walker's request was, therefore, in compliance with CPP 15.7.

In addition, Walker has not shown that CPP 15.7 presents an atypical and significant hardship on the ordinary incidents of life. *Hopkins*, 592 S.W.3d at 323. While the denial of Walker's request to transfer $10 to a bank account he maintained outside the institution where he was housed may be an inconvenience to him, it does not violate a liberty interest protected by the Due Process Clause. This Court previously held CPP 15.7 is rationally related to institutional security. *Hopkins*, 592 S.W.3d at 323. Furthermore, inmates have no right to maintain private accounts. *Id*. We also note that "prisoners are not entitled to the full panoply of process due non-prisoners." *Id*. at 323 (citations omitted).

In this appeal, Walker has failed to show he had already paid the $46.80 in copy charges before it was deducted from his inmate account. He has also not shown that the institutions' administration of CPP 15.7 as it related to his grievances was improper or otherwise violated his constitutional rights. For the

---

[11] Department of Corrections Polices and Procedures 15.7(II)(B)(2)(c) provides that money of any dollar amount shall not be sent outside the institution except for "[a]n exception approved by the warden or designee on a case-by-case basis."

foregoing reasons, the Franklin Circuit Court's September 22, 2020, Order

dismissing Walker's Petition is affirmed.

MAZE, JUDGE, CONCURS.

JONES, JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

Ronny D. Walker, Sr., *Pro Se*
Fredonia, Kentucky

BRIEF FOR APPELLEE:

Angela T. Dunham
Frankfort, Kentucky