RENDERED:  MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0326-MR

NORVIN SPROWS          APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE MARY M. SHAW, JUDGE
ACTION NOS. 18-CR-000958 AND 17-CR-001609-002

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  LAMBERT, McNEILL, AND TAYLOR, JUDGES.

LAMBERT, JUDGE:  Norvin Sprows, *pro se*, appeals the Jefferson Circuit Court's denial of his Kentucky Rule of Criminal Procedure ("RCr") 11.42 motion for post-conviction relief.  We affirm.

Sprows was indicted on June 5, 2017, for first-degree assault, first-degree burglary, and first-degree unlawful imprisonment, and subsequently on March 29, 2018, an indictment charged Sprows with being a first-degree persistent felony offender.  The charges related to an incident which occurred during the

evening of April 1, 2017, during which Sprows and two other unnamed subjects forced entry into victim Robert Farris' apartment and beat him. At the time, Sprows was staying in an apartment rented by Farris. Earlier that day, Sprows and Farris were involved in a verbal altercation resulting in police officers being called to the scene. Farris requested Sprows be removed from the apartment, but the responding officers believed Sprows was living there and indicated they could not make him leave if it was his lawful residence. However, Sprows ultimately left the apartment on his own accord before returning later that evening to commit the offenses for which he was convicted.

The Commonwealth extended a plea offer to Sprows for a total sentence of eight (8) years which was rejected. A jury trial was conducted during which the Commonwealth relied primarily on the testimony of Farris to link Sprows to the incident. Sprows was found guilty on all charges and received a sentence of twenty (20) years. The conviction was upheld on direct appeal in *Sprows v. Commonwealth*, No. 2018-SC-000374-MR, 2019 WL 2462489 (Ky. Jun. 13, 2019).

On April 15, 2020, Sprows filed an RCr 11.42 motion to vacate his conviction on the grounds of ineffective assistance of counsel, which was denied without a hearing by the trial court on July 13, 2020. On April 20, 2022, Sprows

filed a motion for a belated appeal which was granted by this Court. This *pro se* appeal follows.[1] Additional facts will be discussed as necessary.

A trial court's ruling on an RCr 11.42 motion is reviewed for abuse of discretion. *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014). To succeed on an ineffective assistance of counsel claim, the movant must demonstrate that his or her counsel's performance was deficient and prejudiced the outcome of the proceeding. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. If the record refutes the claims raised in an RCr 11.42 motion, no hearing is required. *See Hensley v. Commonwealth*, 305 S.W.3d 434, 436 (Ky. App. 2010). "RCr 11.42(2) requires that the motion state

---

[1] Sprows' brief lacks a preservation statement and record pinpoint citations required under Kentucky Rule of Appellate Procedure ("RAP") 32(A)(4). When a brief fails to substantially comply with the RAPs, our options are to: "(1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions; or (3) to review the issues raised in the brief for manifest injustice only." *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citation omitted). "[T]he manifest injustice standard of review is reserved only for errors in appellate briefing related to the statement of preservation." *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021). We can determine with ease the preservation of each claim raised on appeal and can readily locate the pertinent portions of the record at issue. Furthermore, we extend leniency based on Sprows' *pro se* status. *See Beecham v. Commonwealth*, 657 S.W.2d 234, 236 (Ky. 1983). Thus, we choose to ignore these deficiencies and proceed with a normal review.

specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds. Failure to comply with this section shall warrant a summary dismissal of the motion." *Id.* (internal quotation marks and citation omitted).

On appeal, Sprows presents five (5) claims asserting that trial counsel: 1) failed to motion for a directed verdict; 2) did not subpoena a witness who would have laid a foundation to admit an audio recording which would have impeached Farris' credibility; 3) failed to impeach Farris with evidence he was a convicted felon and under the influence of alcohol and cocaine on the night of his attack; 4) erroneously advised Sprows to reject a plea offer for eight (8) years because of the strength of the impeaching audio recording evidence; and 5) was ineffective due to the prejudicial effect of cumulative errors.

Firstly, Sprows argues that, since he was a resident of Farris' apartment, there was insufficient evidence to prove a required element of first-degree burglary: that he unlawfully entered. *See* Kentucky Revised Statute ("KRS") 511.020. As a result, Sprows contends trial counsel should have moved for a directed verdict upon the conclusion of the prosecution's case. The video record clearly demonstrates trial counsel made such a motion, and it was denied.

Turning to the second claim, Sprows maintains that the failure to subpoena his girlfriend, Lasha Scott, was prejudicial because it would have laid the

foundation to admit evidence of a cellular phone recording she made during a conversation with Farris. The defense alleged at trial that the recording contains an exonerating statement from Farris explicitly saying he "knows [Sprows] didn't do this" in reference to the charges. However, the record demonstrates that trial counsel indicated he attempted but was unable to locate Ms. Scott for service of a subpoena, and Farris acknowledged making the statement during cross-examination. Therefore, we conclude trial counsel was not ineffective for failing to call Ms. Scott as a witness and playing the recording to the jury would not have changed the outcome of the trial.

Sprows' third claim alleges that trial counsel failed to impeach Farris with evidence that he used cocaine and consumed alcohol around the time he implicated Sprows to the police and that he was a convicted felon. In direct refutation, the video record demonstrates Farris was questioned by trial counsel regarding his drug and alcohol usage during cross-examination, and Farris admitted to both during his testimony though he maintained it did not impair his recollection of the incident. Additionally, Sprows failed to plead what felony Farris was previously convicted of, and when considering the totality of the evidence produced at trial, we are not persuaded there is a reasonable probability impeaching Farris regarding this would have changed the outcome of the verdict.

In Sprows' fourth claim, he asserts trial counsel influenced him to reject a plea offer of eight (8) years on the basis he would be acquitted if the jury heard Ms. Scott's recording of Farris. Sprows states the audio was never played at trial; however, as previously indicated, the record demonstrates that Farris admitted making the alleged exonerating statement during his own testimony. It is immaterial that the audio was not played because its contents were conceded by Farris himself. Thus, it cannot be said that trial counsel was ineffective in this regard.

Furthermore, Sprows did not plead this claim with sufficient specificity to warrant an evidentiary hearing. The possibility that trial counsel misjudged the strength of this evidence in achieving a favorable outcome does not, in the absence of other pleadings, demonstrate ineffective assistance of counsel. *See Webb v. Commonwealth*, No. 2019-CA-0058-MR, 2020 WL 5868320, at *3 (Ky. App. Oct. 2, 2020) ("[Appellant's] best evidence is that the jury's verdict proved the advice to be bad. That is never sufficient cause to require an evidentiary hearing on an RCr 11.42 motion, much less to grant the motion.").[2]

Lastly, the trial court was correct in its ruling concerning the fifth claim of cumulative error. Citing *McQueen v. Commonwealth*, 721 S.W.2d 694,

---

[2] Although unpublished, *Webb* is cited as persuasive authority pursuant to RAP 41.

701 (Ky. 1986), the trial court's order states, "As all the previous allegations were meritless, they have no cumulative effect." We agree.

For the foregoing reasons, the Jefferson Circuit Court's Order denying Sprows' RCr 11.42 motion is affirmed.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Norvin Sprows, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky