RENDERED: JANUARY 30, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1241-MR

ASHLEY BYTHEWAY                                        APPELLANT

APPEAL FROM MCCREARY CIRCUIT COURT
v.      HONORABLE PAUL K. WINCHESTER, JUDGE
CASE NO. 21-CR-00054

COMMONWEALTH OF KENTUCKY                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, KAREM, AND MOYNAHAN, JUDGES.

KAREM, JUDGE: Ashley Bytheway appeals *pro se* from a McCreary Circuit

Court order denying her post-conviction motion to amend final judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Bytheway and Brandon Probus had been in a relationship and had one

child together. On April 10, 2021, Bytheway shot and killed Probus following an

argument. The argument took place in Bytheway's house. After Probus left, Bytheway followed him to his car and shot him through the driver's side window.

On May 24, 2021, Bytheway was indicted for one charge of murder. On May 20, 2022, she signed a plea offer which provided that the Commonwealth would amend the murder charge to first-degree manslaughter and recommend a sentence of twelve years in prison. Bytheway agreed to stipulate "to a finding of death in the commission of a Class B Felony and classification as a violent offender with 85% parole eligibility." Following a *Boykin*[1] colloquy, the circuit court found that Bytheway's plea was entered knowingly, intelligently, and voluntarily. The court entered a final judgment on July 14, 2022, in accordance with the terms of the plea agreement, specifically stating that "[t]he Defendant stipulates to a finding of death in the commission of a Class B Felony and classification as a violent offender with 85% parole eligibility." Bytheway was adjudged guilty of manslaughter in the first degree, as amended, and ordered to be confined in the state penitentiary for a maximum term of twelve years and ordered to pay restitution of $4,982 to the victim's family.

On June 27, 2024, Bytheway filed a *pro se* motion styled "motion to amend final judgment, pursuant to RCr 60.02, and the 6th, 8th and 14th Amendments to the United States Constitution and the §§ 17 and §§ 115 of the

---

[1] *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

-2-

Kentucky Constitution." Bytheway claimed she was a victim of domestic violence at the hands of Probus and was therefore eligible for the exemption from the violent offender designation under Kentucky Revised Statutes (KRS) 439.3401(6), which would make her eligible for parole after serving 20 percent, as opposed to 85 percent, of her sentence. She argued that her trial counsel was ineffective for failing to raise this as a defense, and that he should have requested funds for a mitigation specialist in the field of mental health and domestic violence whose testimony, she asserts, would more than likely have led to a reduction of her sentence. The motion sought amendment of the final judgment to reflect that she was not a violent offender and could seek parole after service of 20 percent of her sentence.

The circuit court denied her motion without a hearing. This appeal followed.

**STANDARD OF REVIEW**

Bytheway styled her motion as pursuant to "RCr 60.02," although it alleges ineffective assistance of counsel which is generally raised in a motion pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. The Commonwealth argues that the motion should be treated as being brought pursuant to Kentucky Rules of Civil Procedure (CR) 60.02, which would mean it is barred

because it does not comply with the procedural framework for challenging a final

judgment:

> The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02. . . .
>
> . . . .
>
> . . . [A] defendant is required to avail himself of RCr 11.42 while in custody under sentence or on probation, parole or conditional discharge, as to any ground of which he is aware, or should be aware, during the period when this remedy is available to him. Final disposition of that motion, or waiver of the opportunity to make it, shall conclude all issues that reasonably could have been presented in that proceeding. The language of RCr 11.42 forecloses the defendant from raising any questions under CR 60.02 which are "issues that could reasonably have been presented" by RCr 11.42 proceedings.

*Gross v. Commonwealth*, 648 S.W.2d 853, 856-57 (Ky. 1983).

Pro se pleadings are not, however, required to meet the standard of

those applied to legal counsel. *Beecham v. Commonwealth*, 657 S.W.2d 234, 236

(Ky. 1983). In recognition of Bytheway's *pro se* status, we will treat the motion as

one made pursuant to RCr 11.42.

The standard of review for both RCr 11.42 and CR 60.02 motions is

abuse of discretion. *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App.

2014); *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014).

-4-

# ANALYSIS

When Bytheway argues that her attorney should have raised the domestic violence exemption, she is essentially arguing that her plea was not entered knowingly, intelligently, and voluntarily. Under these circumstances, a defendant must demonstrate both prongs of the following two-part test:

> (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.

*Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004) (citation omitted).

In her brief, Bytheway does not address the first prong of the test, instead concentrating on the second, "prejudice" prong, making references to a trial and penalty phase, neither of which occurred in her case because she entered a guilty plea. But our review of the record indicates that the first prong of the test was not met. In order to establish the first prong of deficient performance, "a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness." *Commonwealth v. Pridham*, 394 S.W.3d 867, 875 (Ky. 2012) (internal quotation marks and citation omitted). "A court considering a claim of ineffective assistance must apply a strong presumption that

counsel's representation was within the wide range of reasonable professional assistance." *Id.* (internal quotation marks and citation omitted). The claimant is required "to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* (internal quotation marks and citation omitted).

In order to prevail, Bytheway had to show that her counsel's failure to retain an expert on domestic violence before advising her to plead guilty was objectively unreasonable and incompetent under prevailing professional norms.

Bytheway was facing a charge of murder. KRS 507.020(2). There is no factual dispute that Bytheway committed the shooting and did so after Probus attempted to leave her home. Bytheway claims she informed her counsel that Probus was abusive towards her during the time they were together; however, to be eligible for the exemption from the 85 percent parole eligibility requirement, KRS 439.3401(6) "requires that there be a relationship between the domestic violence or abuse and the underlying offense. Proof of history of domestic violence between the defendant and the victim is not, by itself, sufficient to trigger the statute's parole exemption." *Commonwealth v. Vincent*, 70 S.W.3d 422, 424 (Ky. 2002).

Under these circumstances, with the apparent lack of evidence of a relationship between the domestic violence and the shooting, it was not objectively unreasonable or incompetent on the part of Bytheway's attorney to advise her to

accept the plea offer of a sentence of twelve years with 85 percent parole eligibility.

Because the first prong of the test for ineffective assistance of counsel was not met, the circuit court did not err in denying Bytheway's motion.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the circuit court's order denying Bytheway's motion for post-conviction relief is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Ashley Bytheway, *pro se*
Pewee Valley, Kentucky

BRIEF FOR APPELLEE

Russell Coleman
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky